## STATE ex VOTAW v MATIA

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12595. Decided May 31, 1932

Jos. L. Stern, Cleveland, for relator.
W. Geo. Kerr and John A. Smith, Cleveland, for respondent.

LEVINE, PJ.

In order to determine this question, a study of the state law relating to civil service and of the provisions of the charter of the City of Cleveland relating to the same subject becomes necessary.

Long prior to the enactment of the present City charter by the people of Cleveland the legislature of Ohio passed what is known as §486-8 GC. Therein are contained twelve specifications as to what persons or classes of persons are to be embraced in the "unclassified service." Specification seven reads:

"* * * and all heads of departments appointed by the mayor."

In State ex Franke v Minshall et, which case arose in Cuyahoga County and is reported in **10 Oh Ap Rep page 86,** this court held that the office of Sealer of Weights and Measures is by virtue of §486-8 GC placed in the unclassified service and is not subject to Civil Service examination. It is true that the decision in Franke v Minshall, supra, was rendered prior to the adoption of the present charter by the people of Cleveland, and it is likewise true that where there appears to be a conflict between a State law and a provision of the municipal charter in a matter relating to civil service, that the charter provision controls. We take it as conceded, under the decision of Franke v Minshall, supra, that if §486-8 GC were not in any way modified, changed or contradicted by the later charter provisions, that the relator would be deemed in the unclassified service.

Does the present charter of the City of Cleveland contain a provision or provisions changing, modifying or contradicting §486-8 **specification 11, GC?**

We shall quote from the present charter of the City of Cleveland, §126, which provides in part as follows:

"The civil service of the city is hereby divided into the unclassified and the classified service.

1. The unclassified service shall include:

(f) Such heads of divisions and such immediate executive assistants as the civil service commission shall from time to time, by rule, determine."

It is noteworthy that the charter does not provide that heads of departments appointed by the mayor shall, unlike the classification of the General Code, be placed in the "classified service." It leaves it instead to the discretion of the Civil Service Commission of either permitting the provision of the General Code to continue to operate, or to nullify said provision by enacting a rule to the contrary. It is our opinion that while the express language of a charter adopted by the people of Cleveland may abrogate or nullify a state law pertaining to the Civil Service, that such result cannot be accomplished by a provision of the charter delegating authority to the Civil Service Commission to nullify the same by the adoption of a rule.

We reiterate the holding of this court in the case of **State of Ohio ex Norman A. Ryan et v W. George Kerr, decided May 23, 1932, (12 Abs 292)**, that where the charter contains no express language contradicting an existing state law relating to the Civil Service that this court must attribute an intention to the framers of the charter to harmonize the provisions of the charter with those of the State law. By reference we adopt the reasoning of this court, in so far as the same is applicable in the case of State ex Norman A. Ryan et v W. George Kerr, supra.

The writ of mandamus will be denied and the petition of the relator is ordered dismissed.

WEYGANDT, J, concurs.
VICKERY, J, not participating.