By the Court.
 

 This cause originated in the Court of Appeals, resulting in a decision against the re
 
 *599
 
 lator. The relator now seeks a reversal of the judgment below in this court.
 

 The proceeding was one in mandamus, wherein the relator, Garfield A. Yotaw, asked for a writ commanding the respondent, Felix T. Matia, to restore him to his position as commissioner of markets, weights and measures of the city of Cleveland. The cause was heard on the petition, answer, reply and the evidence adduced upon the issues therein made.
 

 It appears that on July 3, 1924, the relator was appointed “market commissioner” of the city of Cleveland, serving until he was discharged on March 15, 1932, when a new political administration came into power. This case is similar to that of
 
 State, ex rel. Dewald,
 
 v.
 
 Matia, Dir. of Parks, ante,
 
 487, 181 N. E., 901. The distinguishing features, which are few, will he pointed out. In the
 
 Dewald case
 
 the relatrix had, in fact, taken the civil service examination. In this case the relator, so far as appears from the record, had not done so.
 

 Section 142 of the Cleveland Charter reads: “All persons holding positions in the service of the city pursuant to appointment from eligible lists, or who have been continuously in the service of the city in the same position for the five years preceding the adoption of this section, shall retain their position until discharged, reduced, promoted, or transferred in accordance with the provisions of this charter * * #
 

 In the
 
 Dewald case
 
 this court held that while Dewald, the relatrix, was entitled to a classified position under Section 126 of the Charter, she also enjoyed that status under Section 142 of the Charter because of her service for five years preceding the adoption of that section. Applying the same reasoning to Yotaw, the relator here, we are compelled to the conclusion that Yotaw occupied a position in the classified service, under said Section 142, from which he
 
 *600
 
 could not be discharged except under rules of the civil service commission, promulgated under the Charter, requiring written reasons for such discharge to be specifically stated, and requiring that an opportunity be given the incumbent to be heard in his own defense. Upon this phase there is a distinction between this case and the
 
 Dewald case, supra.
 
 In the
 
 Dewald case
 
 the only reason assigned by the Director was “Political activity of such nature as to indicate your inability to co-operate.” In this case, on March 19, 1932, Matia, being the same party respondent, assigned the following separate reasons for discharge:
 

 “1. Neglect of duty in regard to the management and administration of the markets.
 

 ‘ ‘ 2. Failure to co-operate with the merchants in the markets and vicinities for the best interests of the city.
 

 “3. Arrogance and discourtesy in your treatment and conduct toward people calling upon you with complaints and suggestions by the business men in the communities for the best interests of the markets.
 

 “4. Showing favoritism and not acting fairly and impartially in the operation of your division.
 

 “5. Political activity of such nature as to indicate your inability to co-operate.
 

 “6. Other and further reasons generally described in my previous letter as for the good of the service.”
 

 He added: “I shall be pleased to grant you a hearing and set the same for March 25 at 1:30 P. M. at 337 City Hall.”
 

 Four days prior to the day of hearing, counsel for the relator addressed a letter to the director demanding that he make each of his charges more definite and certain, and that, unless such were done, there could be no occasion for a hearing, since there could be no defense prepared unless the charges were made more specific. That letter charged that reason number one failed to specify any fact claimed to constitute a ne
 
 *601
 
 glected duty; that number two failed to specify in what respect and on what dates the relator failed to co-operate with merchants; that number three failed to specify facts constituting arrogance and discourtesy in his treatment of the public; and that number four failed to specify the particular acts relied upon as a basis of his charge of the use of favoritism and partiality while in office. After the director refused to make such charges more specific, counsel for relator took the position that the charges were a nullity and refused to participate in the hearing.
 

 In the
 
 Dewald case
 
 this court held that reasons identical with numbers five and sis did not comply with the provisions of the charter requiring the reasons to be specifically stated so as to give opportunity to the relatris to be heard in her own defense. By a parity of reasoning, it may be said that in the case at bar reason number one is likewise open to similar objections in failing to specify what particular neglect of duty was committed by the relator. However, it appears to us that reasons numbers two, three and four are not open to the same objection, as those charges relate to merchants or to the public generally. The proceedings before the director, on such hearing, are in their nature
 
 quasi
 
 judicial and informal in character, and we can see no justifiable reason in requiring the director to specify the particular dates and the particular acts relied upon as showing lack of cooperation with merchants and lack of courtesy or favoritism towards members of the public calling upon him on official business. We think that written charges numbers two, three and four particularly were amply sufficient to advise the relator as to what he was required to meet, without giving specific dates or the names of merchants or of members of the general public with whom he had to deal. He was thereby advised of the nature of the charges, and would later be confronted with the witnesses supporting them.
 

 
 *602
 
 This view is supported by the case of
 
 Patton
 
 v.
 
 Philadelphia,
 
 273 Pa., 427, 117 A., 272, where the third proposition of the syllabus reads as follows: “The written statement of the reasons for dismissal are not required to specify time and place of inefficiency, neglect and absence with definiteness, if it is ample enough to inform of the nature of the offense with which the employee was charged.”
 

 If upon the hearing the relator, instead of standing upon his refusal to make a defense, had seen fit to await the testimony produced to support the charges against him, and had asked for an opportunity to call witnesses in his own behalf, his rights might have been
 
 safeguarded;
 
 or, should he have been denied such opportunity, there would have been some justification in his demand for a writ of mandamus.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Allén, Kinkade and Stephenson, JJ., concur.