Hart, J.
 

 The decision in this case depends upon the interpretation to be given to the provisions of Sections 486-10 to 486-15, inclusive, General Code, and upon the validity of the rule adopted by the civil service-commission of the city with reference to the weight and grade to be given for service seniority to applicants taking the promotional examination for captain in the city fire department.
 

 It is to be observed that, at the time of the examination in question, the relator had had a continuity of service in the fire department, first as fireman for more than 17 years and then as lieutenant for more than one
 
 *374
 
 year but less than two years. Under the rule of the city civil service commission, his seniority-service credit was limited to the latter period or to the time of service in his present grade or rank of lieutenant, which credit was computed to be a single percentage of credit instead of a credit for a total period of service of more than 18 years which would give him a credit of 10 per cent in his examination grade. The defense of the respondents, as set out in their answer, is based upon the application of this rule.
 

 The pertinent parts of Section 486-10, General Code, are as follows:
 

 “All applicants for positions and places in the classified service shall he subject to examination which shall be public, and open to all, within certain limitations to be determined by the commission, as to citizenship, residence, age, sex, experience, health, habit and moral character; * * *.
 

 “Applicants taking promotional examinations, which shall be in writing, shall receive credit for seniority, which shall be determined as follows: one per centum of the total grade attainable in such examination for each of the first four
 
 years of service
 
 and six-tenths per centum of such total grade for each of the next ten years of service.” (Italics supplied.)
 

 The specific question raised is whether the term, “years of service,” used in the statute shall be construed as limiting the credit for seniority to the applicant’s period of service in his present grade or rank of service, or as extending such credit to the whole period of service rendered by him in the department in which he has served, and, if the latter construction be adopted, whether the rule of the city civil service commission limiting such credit to the years of service in the applicant’s present grade or rank of service is in conflict with the statute and invalid.
 

 
 *375
 
 The language of the statute providing for grade credit for seniority — “one per centum of the total grade attainable in such examination for each of the first four years of service and six-tenths per centum, of such total grade for each of the next ten years of service” — is in the most general terms and without any limitations as to periods of service in any particular grade or rank. This direction is further emphasized in Section 486-15, General Code, wherein it is provided that “in promotional examinations efficiency and
 
 seniority in service
 
 shall form a part of the maximum-mark attainable in such examination.” (Italics supplied.) Clearly, the full period of service must enter into the computation for seniority credit when a fireman is promoted through promotional examination to-a lieutenant. It would appear rather incongruous to-assume that it was the legislative intent to give an employee in passing to the first higher grade or rank of service in a governmental department seniority credit for his full period of service in his department, and at the same time to deprive him of such credit in passing to the next higher grade or rank of service in the same line of service and to require him to serve 14 ‘years in each grade or rank of services before he can attain a ten per cent credit for seniority in promotion to the next higher grade or rank of service. Especially is this true where the words used in forming the terms of the statute, in the absence of any statutory definition of such terms, must be given their common-ordinary and accepted meaning in the connections in which they are used.
 
 Baker
 
 v.
 
 Powhatan Mining Co.,
 
 146 Ohio St., 600, 67, N. E. (2d), 714;
 
 State, ex rel. Church of the Nazarene,
 
 v.
 
 Fogo, Regr.,
 
 150 Ohio St., 45.
 

 In the opinion of this court, the words, “years of service,” used in the statute, must comprehend the
 
 *376
 
 •entire period of service rendered in any department of service.
 

 Respondents claim that the rule of the city civil •service commission is not in conflict with the statute but is a fair interpretation of it. However, in the •opinion of this court, the rule made by the city civil service commission is in conflict with the general law in the matter of seniority-service credit to be allowed in civil service promotional examinations and is invalid.
 

 The parties hereto having agreed that the holding •of this court on the demurrer filed by relator to the answer of the respondents shall be dispositive of the case ■on the merits, the demurrer is sustained and the writ .allowed.
 

 Writ allowed.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, •Sohngen and Stewart, JJ., concur.