WHALEN, APPELLEE, *v.* KELLOGG, CITY MANAGER, ET AL., APPELLANTS.

(No. 7686—Decided January 12, 1953.)

*Mr. Louis J. Schneider, Jr.,* for appellee.

*Mr. Henry M. Bruestle,* city solicitor, and *Mr. Edgar W. Holtz,* for appellants.

*Per Curiam.* This appeal presents a contest for appointment to the position of waste collection foreman in the Department of Waste Collection of the city of Cincinnati, based upon the result of a promotional examination held by the municipal civil service commission.

The plaintiff and defendant Jack Brown are, and were, employed in the waste collection department at the time the promotional examination was conducted, and were eligible to and took the examination.

The result of the examination, as originally certified, showed that the plaintiff was in second position for promotion and Jack Brown was lower on the list. Upon requisition from the city manager, the plaintiff's name was certified for appointment. It seems that before the city manager acted upon the certification, a question was raised as to whether the civil service commission had properly calculated the credit to which Jack Brown was entitled because of time of service. It appears that prior to June 1943 he had been an employee in the department, but that on June 30, 1943, he resigned and ceased to be an employee. In September 1946 Jack Brown qualified by taking a competitive examination, as upon an original appointment, for a position in the waste collection department, to which he was then appointed and which he continued to occupy and was so occupying at the time the promotional examination was held.

The civil service commission in calculating Jack Brown's grade in the first instance gave him credit for time of service commencing in September 1946, and, so calculated, his grade placed him below the plaintiff on the eligible list. As recalculated, giving him credit for time served during his first employment, their positions were reversed.

The plaintiff was placed on the eligible list in second

position and was so certified to the appointing authority, but before any appointment was made, the grades were recalculated and the positions of the applicants on the eligible list were shifted, the appointing authority notified, and Brown appointed.

There is no claim that any mistake was made affecting the base grade resulting from the examination. The change resulted solely from the conclusion of the civil service commission that the defendant Brown was entitled to have the time he served prior to his resignation in 1943 included in his "years of service" as that phrase is used in Section 486-10, General Code, in determining the percentage to be added to his base grade.

When the defendant Brown resigned in 1943, all his rights as an employee in the waste collection department ended. It is true that the appointing authority and civil service commission, by Section 486-16, General Code, are given the power or discretion where an employee is separated from the service without delinquency or misconduct to reinstate such employee, but they are not required to do so. And this discretion to reinstate expires at the end of one year from the separation.

Therefore, when defendant Brown desired reemployment in the department, he did not appeal to the discretion of the appointing authority to dispense with the examination required as a condition of an original appointment. On the contrary, he submitted himself to the examination and was appointed because of the position he attained on the eligible list as a result of the examination.

Certainly, in the interval of his unemployment in the department, he would not have been eligible to take a promotional examination. The defendant Brown lost the right to take the promotional examina-

tion when he voluntarily separated himself from the service. Necessarily, he based his right to take the promotional examination upon his re-employment, resulting from his success in passing the examination of 1946, and not upon his service in the department prior to 1943. It would seem incongruous to give him credit on a promotional examination for a service for which he could not be given credit in determining his grade on re-employment. And to add anything to his grade on examination for re-employment would contravene the provision limiting the exercise of the discretion of the head of the department and the commission to one year from the separation from the service.

Counsel cite *State, ex rel. Bigam,* v. *Hainen et al., Civil Service Commission,* 150 Ohio St., 371, 82 N. E. (2d), 734. As we view it, that case is not relevant. It is true that it construes the phrase, ''years of service,'' contained in Section 486-10, General Code, as applied to the facts of that case, but the facts were that the employment had been continuous and that was recited in the statement of facts on page 371.

We are of the opinion that the defendant Brown was not entitled to credit for the time of his prior service in calculating his ''time of service'' in determining his position on the eligible list for promotion; that the civil service commission erred as a matter of law in giving him credit therefor; and that the plaintiff is and was entitled to the appointment to the position of foreman in the waste collection department.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.