OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. William A. McArthur v. Mark A. DeSouza et al.

[Cite as State ex rel. McArthur v. DeSouza (1992), Ohio St.3d    .]

Civil service -- R.C. 124.31, construed -- Term "years of service" in R.C. 124.31 includes service earned with other political subdivisions.

(No. 91-864 -- Submitted July 29, 1992 -- Decided October 14, 1992.)

In Quo Warranto.

Relator, William A. McArthur, was appointed to the position of patrolman with the Elyria Police Department in June 1983. Prior to that time, he served with the Lorain County Sheriff's Department as a deputy sheriff for a period of nine years and nine months. Both positions were in the classified civil service.

On April 9, 1990, relator, along with respondent Mark A. DeSouza ("DeSouza") and others, took a written examination for promotion within the police department to the rank of sergeant. Relator passed the written examination and was ranked eighth on the promotion eligibility list. DeSouza was ranked fourth. Relator's rank was based upon his raw score on the written examination plus seniority credit for his service with the Elyria Police Department. He was not given seniority credit for his prior service with the Lorain County Sheriff's Department. Had relator received such credit, he would have ranked fourth on the eligibility list, ahead of DeSouza.

On May 4, 1990, relator filed a written protest with the Elyria Civil Service Commission ("commission"), pursuant to its Rule 5.8(a), requesting that he be granted seniority credit for his prior county service. Relator, along with DeSouza and his attorney, addressed this issue before the commission at its May 9, 1990 meeting. The minutes of that meeting reflect that "[t]he Commission listened to Mr. DeSouza and [his attorney] and also from [relator] in regards to the question raised," and that the commission would "take the matter under advisement until the protest period is over and an official promotion list

is prepared." At its next meeting, held June 21, 1990, the commission certified the existing eligibility list, on which relator was ranked eighth, but did not rule directly upon relator's protest. Relator took no action in response to the commission's certification.

The first three individuals on the eligibility list had been promoted to the rank of sergeant by March 1991, at which time relator learned of another vacancy in that position. On March 28, 1991, he filed a complaint for declaratory judgment and injunctive relief in the Court of Common Pleas of Lorain County, alleging that he was entitled to seniority credit for his prior service with the sheriff's department, and requested that the city civil service commission be enjoined from certifying DeSouza. On April 8, 1991, the court denied relator's motion for a temporary restraining order and dismissed relator's complaint.1 DeSouza was appointed to the rank of sergeant on April 15, 1991.

Relator filed this original action in quo warranto on April 26, 1991, seeking DeSouza's ouster from, and his appointment to, the rank of sergeant. Respondents city of Elyria; city of Elyria Civil Service Commission; and Timothy Coey, Safety Service Director (collectively "the city"), each filed an answer on May 29, 1991; and DeSouza filed his answer on June 7, 1991. This cause is before us upon the basis of these pleadings, the evidence filed by relator on July 5, 1991, and the briefs of the parties.

Gareau & Dubelko Co., L.P.A., Michael R. Gareau and James M. Dubelko for relator.

Riley, Koury, Resar & Brill and Patrick D. Riley for respondent Mark A. DeSouza.

Terry S. Schilling, City Solicitor, and Gino Pulito, for respondents city of Elyria; city of Elyria Civil Service Commission; and Timothy Coey, Safety Service Director.

Per Curiam. It is settled that an action in quo warranto will not lie where there exists an adequate remedy by way of appeal. State ex rel. Steyer v. Szabo (1962), 174 Ohio St. 109, 21 O.O.2d 366, 186 N.E.2d 839; State ex rel. Hanley v. Roberts (1985), 17 Ohio St.3d 1, 17 OBR 1, 476 N.E.2d 1019. Respondents claim that the commission's certification of the promotional eligibility list on June 21, 1990 effectively denied relator's protest, and that relator's proper remedy was to appeal that determination under R.C. 2506.01. That statute provides that "[e]very final order, adjudication, or decision of any * * * commission * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *."

However, in Fortner v. Thomas (1970), 22 Ohio St.2d 13, 51 O.O.2d 35, 257 N.E.2d 371, we construed Section 4(B), Article IV of the Ohio Constitution (" * * * [C]ourts of common pleas shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law."), as providing for review of quasi-judicial proceedings only.

In M.J. Kelley Co. v. Cleveland (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, paragraph two of the syllabus, we stated that "[p]roceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for the introduction of evidence." Accord DeLong v. Bd. of Edn. (1973), 36 Ohio St.2d 62, 65 O.O.2d 213, 303 N.E.2d 890; State ex rel. Rieke v. Hausrod (1979), 59 Ohio St.2d 48, 13 O.O.3d 35, 391 N.E.2d 736.

Commission Rule 5.8(a), 2 under which relator filed the protest of his examination grade, provides in part:

"* * * An applicant shall have the right to inspect his own papers and inform himself as to the markings given him on each subject or question and to submit in writing for the Commission's consideration any objection or protest he may wish to make concerning the grades given him. Such objection or protest must be made within ten days after an applicant has been notified of his grade. No grades given in any examination shall be changed after the preparation of an eligible list except after the consideration of reasons submitted in writing by the applicant objecting to the grade given to him, and a report thereon by the Commission; provided, however, that the Chairman may correct clerical errors of examiners or employees at any time before the expiration of such eligible lists."

Clearly, this rule does not require notice, hearing or the opportunity to introduce evidence upon filing a protest to an examination grade and, thus, does not contemplate a quasi-judicial proceeding. Accordingly, we find that the commission's effective denial of relator's protest was not appealable under R.C. 2506.01, that he has no adequate remedy at law, and that this action in quo warranto will lie. We turn now to the merits of this case.

R.C. 2733.06 authorizes a private individual to bring an action in quo warranto and provides:

"A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs."

"A police officer of a municipal corporation is a public officer, and as such he occupies a public office * * *." State ex rel. Mikus v. Hirbe (1965), 5 Ohio App.2d 307, 34 O.O.2d 490, 215 N.E.2d 430, paragraph two of the syllabus, affirmed (1966), 7 Ohio St.2d 104, 36 O.O.2d 85, 218 N.E.2d 438. Thus, for a writ in quo warranto to issue in this proceeding, relator must show (1) that he is entitled to the office, and (2) that the office is being unlawfully held and exercised by respondent DeSouza. State ex rel. Heer v. Butterfield (1915), 92 Ohio St. 428, 111 N.E. 279, paragraph one of the syllabus; State ex rel. Hanley v. Roberts, supra; State ex rel. Delph v. Barr (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, syllabus.

Relator's claim that he is entitled to the office and that DeSouza holds it unlawfully is founded upon the commission's failure to grant him seniority credit for his prior service with the Lorain County Sheriff's Department. Under Section 16.05 of the Elyria Charter, the computation of seniority credit is governed by R.C. 124.31, which provides in part:

"(B) All examinations for promotions shall be competitive

and in writing.  In promotional examinations, efficiency and seniority in service shall be added to the examination grade, but no credit for seniority, efficiency, or any other reason shall be added to an examination grade unless the applicant achieves at least the minimum passing score on the examination without counting such extra credit.  Credit for seniority shall equal, for the first four years of service, one per cent of the total grade attainable in the promotion examination, and, for each of the fifth through fourteenth years of service, six-tenths per cent of the total grade attainable."  (Emphasis added.)

Relator contends that the term "years of service" should be construed to include his years of prior service with the county sheriff's department and relies upon State ex rel. Bigam v. Hainen (1948), 150 Ohio St. 371, 38 O.O. 222, 82 N.E.2d 734, and  State ex rel. Ebersole v. Hurst (1960), 111 Ohio App. 76, 12 O.O.2d 325, 165 N.E.2d 235, to support his position.  In Bigam, we noted that the term "years of service" was used broadly in the statute and construed it to include all of relator's service in a municipal fire department, regardless of the rank in which it was earned.  In Ebersole the Court of Appeals for Hamilton County, relying on our language in Bigam, construed the term "years of service" to include all of relator's service earned within various departments of a municipality.3  We reaffirm our broad construction of the term "years of service" in this proceeding and hold that it also includes service earned with other political subdivisions.

This construction is consistent with the scope of state civil service laws, which define "civil service" and "classified service" in terms of state, county, and city employment.  R.C. 124.01.  The city argues, however, that the commission's rules, which define these terms in the context of city employment, are controlling.  This argument is without merit.  In State ex rel. Bardo v. Lyndhurst (1988), 37 Ohio St.3d 106, 109, 524 N.E.2d 447, 450, citing State ex rel. Votaw v. Matia (1932), 43 Ohio App. 279, 12 Ohio Law Abs. 414, 183 N.E. 122, affirmed on other grounds (1932), 125 Ohio St. 598, 183 N.E. 533, we stated that "[w]hile the express language of a charter may abrogate or nullify a state civil service law, such a result cannot be accomplished by a charter provision delegating authority to a municipal commission to nullify the law by adoption of a rule."  In this case, the city charter does not define the terms at issue and does not delegate any rulemaking authority to the commission.  While the commission's authority to promulgate rules is derived from R.C. 124.40 (see fn. 2), that authority is limited to rules which are consistent with state law.  Thus, because the definitions contained in the rules conflict with R.C. 124.01, they cannot control.  R.C. 124.40; Bardo, supra.  Accordingly, we construe the term "years of service" in R.C. 124.31 consistent with the statutory definitions contained in R.C. 124.01, and find that relator's prior county service should be included in computing his seniority credit under R.C 124.31.

Relator's prior service with the county would have given him the highest ranking on the eligibility list which existed at the time the vacancy in the rank of sergeant occurred in

March 1991.  R.C. 124.44 provides that "[i]f there is a[n] [eligibility] list, the commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating, and the appointing authority shall appoint such person within thirty days from the date of such certification."  Thus, we conclude that relator is entitled to be appointed to the rank of sergeant and that DeSouza holds and exercises that position unlawfully.  Accordingly, we allow relator's writ and order DeSouza's ouster from, and relator's appointment to, the position of sergeant with the Elyria Police Department.

Writ allowed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

FOOTNOTE

1    The Ninth District Court of Appeals subsequently reversed the trial court's decision on procedural grounds, but, on December 6, 1991, relator voluntarily dismissed his complaint in the court of common pleas.

2    The city of Elyria is a charter municipality.  Article XVI of the charter creates a civil service commission and Section 16.05, "Powers, Duties and Functions," provides that "[t]he provisions of the laws of the State of Ohio regarding selection, promotion, demotion, discipline, and removal of employees within the classified service of the City * * * shall be applicable under this Charter unless such provisions conflict with the provisions of this Charter."  The charter makes no provision to contest a civil service examination grade, nor does it expressly grant the commission rulemaking authority to do so.  However, by the language of Section 16.05, it is clear that the commission has such authority under R.C. 124.40, which allows municipal civil service commissions to promulgate rules governing promotions which are not inconsistent with state law.  Because state law neither authorizes nor prohibits an applicant from contesting his promotional examination grade, Commission Rule 5.8(a) is not inconsistent and thus controls.

3    The General Assembly has since amended the statute at issue in Bigam and Ebersole (former G.C. 486-10 and R.C. 143.341, the applicable provisions of which are now contained in R.C. 124.45, promotion of firemen) to read:  "Credit for seniority shall be based only on service in the municipal or civil service township fire department * * *."  R.C. 124.44, promotions in police department, was not similarly amended and seniority credit for police promotions remains governed by the general "years of service" language applicable to all civil service employees in R.C. 124.31.  If the General Assembly or the city of Elyria had wished to extend the same treatment to police officers, each could have done so by amending R.C. 124.44 or the city charter, respectively.  The decision not to do so evidences their intent that the broader provisions of R.C. 124.31 should apply to promotions within municipal police departments.