[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 167.]

THE STATE EX REL. REGETZ ET AL., APPELLANTS, *v.* CLEVELAND CIVIL SERVICE COMMISSION ET AL., APPELLEES.

[Cite as *State ex rel. Regetz v. Cleveland Civ. Serv. Comm.*, 1995-Ohio-238.]

*Public employment—Civil service—Promotion of police officer—Cleveland Charter provides express language authorizing the adoption of rules regarding seniority as related to promotion based on competitive examinations—Rule 4.40-C of the Cleveland Civil Service Commission supersedes R.C. 124.31(B).*

(No. 94-1640—Submitted March 21, 1995—Decided May 10, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 65596.

————————————

{¶ 1} On September 12, 1992, appellee Cleveland Civil Service Commission administered promotional examinations for the positions of sergeant, lieutenant, and captain in the Cleveland Police Department. Appellant William J. Feterle, a sergeant with the Cleveland police force, took the promotional examination for the position of lieutenant. Appellant Patricia G. McAndrew, a patrol officer with the Cleveland police force, took the promotional examination for the position of sergeant. Both Feterle and McAndrew received passing scores.

{¶ 2} Pursuant to Rule 4.40-C of the Cleveland Civil Service Commission, Feterle and McAndrew received seniority credit for their prior service with the Cleveland police force, which was added to their passing scores. Based upon their final scores on the promotional examinations, Feterle ranked thirty-sixth on the eligible list for lieutenant and McAndrew ranked one hundred and twenty-second on the eligible list for sergeant. If prior service credit for civil service employment outside the Cleveland police force had been included in the seniority credit calculation, Feterle would have ranked approximately twenty-fourth on the eligible

list for lieutenant and McAndrew would have ranked approximately ninety-first on the eligible list for sergeant.

{¶ 3} On May 27, 1993, the Cleveland Director of Public Safety promoted twenty candidates from the eligible list to lieutenant and forty-nine candidates from the eligible list to sergeant. On July 28, 1993, another fourteen candidates were promoted to lieutenant and thirty-nine were promoted to sergeant. Although Feterle's name was certified for appointment consideration on July 8, 1993, he was not promoted. The top thirty-four candidates on the eligible list for lieutenant were certified and promoted. If McAndrew had received seniority credit for her civil service employment outside the Cleveland police force, her name would have been included in the July 8, 1993 certification to the Director of Public Safety for consideration for appointment to sergeant. Eighty-eight of the top ninety candidates on the eligible list for sergeant were promoted.

{¶ 4} On May 24, 1993, Feterle, McAndrew, and various other employees of the Cleveland police force initiated an action in the Court of Appeals for Cuyahoga County naming the appellee city of Cleveland and the Cleveland Civil Service Commission as respondents. The complaint, as subsequently amended, requested a writ of mandamus compelling the Cleveland Civil Service Commission to grant all seniority credit points to which the employees are entitled under R.C. 124.31(B) and to certify corrected promotional eligibility lists to the appointing authority of the city. The employees further requested a temporary restraining order to enjoin promotions of individuals other than relators pending the outcome of the action. The temporary restraining order request was settled when appellees agreed that one promotional vacancy for the position of lieutenant would be kept open pending resolution of Feterle's claim. All of the other named relators voluntarily dismissed their claims, leaving only the claims of Feterle and McAndrew pending.

**{¶ 5}** The Fraternal Order of Police, Cleveland Lodge No. 8, the exclusive bargaining representative of supervisory police officers of the city of Cleveland, intervened as a respondent.

**{¶ 6}** On July 15, 1994, the court of appeals denied the writ based upon the following:

"The language of the Charter of the City of Cleveland, Section 128(j), plainly authorizes the promulgation of rules—including Cleveland Civil Service Rule 4.40-C—pertaining to the significance of seniority in determining promotions. Obviously, R.C. 124.31(B) also pertains to establishing standards for considering the significance of seniority in determining promotions. We hold, therefore, that Charter of the City of Cleveland, Section 128(j)—in conjunction with Cleveland Civil Service Rule 4.40-C—conflict with R.C. 124.31(B). As a consequence, relators have failed to set forth either a clear legal right to relief or a clear legal duty on the part of respondents."

**{¶ 7}** The cause is now before this court upon an appeal as of right.

———————————

*Gareau & Dubelko Co., L.P.A.*, *Michael R. Gareau* and *James M. Dubelko*, for appellants.

*Sharon Sobol Jordan*, Cleveland Director of Law, and *Barbara R. Marburger*, Chief Assistant Director of Law, for appellees.

———————————

**Per Curiam.**

**{¶ 8}** Appellants assert in their sole proposition of law that a municipal corporation may not vary state civil service law by delegation in its charter of authority to a civil service commission to promulgate rules, where the delegation does not clearly and expressly evince an intent to supersede state civil service law and affords the civil service commission discretion to either permit the state civil service law to control or to nullify that law by adopting a conflicting rule.

**{¶ 9}** The Home Rule Amendment to the Ohio Constitution authorizes municipalities to "exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. The appointment of officers within a city's police department constitutes an exercise of local self-government within the meaning of the Home Rule Amendment. *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722.

**{¶ 10}** Pertinent provisions of the Cleveland Charter provide:

"[Section] 1 General Powers

"***The City shall have all powers that now are, or hereafter may be granted to municipalities by the Constitution or laws of Ohio; and all such powers whether expressed or implied, shall be exercised and enforced in the manner prescribed by this Charter, or when not prescribed herein, in such manner as shall be provided by ordinance or resolution of the Council."

"[Section] 2 Enumeration of Powers Not Exclusive

"The enumeration of particular powers by this Charter shall not be held or deemed to be exclusive but, in addition to the powers enumerated herein, implied thereby or appropriate to the exercise thereof, the City shall have, and may exercise all other powers which, under the Constitution and laws of Ohio, it would be competent for this Charter specifically to enumerate."

"[Section] 127 Enactment of Civil Service Rules

"The Civil Service Commission shall make, promulgate, and when necessary may amend, rules for the *** promotion *** of City officials and employees in the classified service. ***"

"[Section] 128 Required Provisions of Rules

"The rules of the Civil Service Commission shall among other things, provide:

"***

"(j) For promotion based on competitive tests and record of efficiency, character, conduct and seniority."

{¶ 11} Purportedly under Sections 127 and 128(j) of the Cleveland Charter, the civil service commission promulgated Rule 4.40-C, entitled "Seniority Credit," which provides:

"Applicants obtaining passing grades in promotional examinations shall have added to their passing grades credit for seniority. Such credit shall be for all service rendered pursuant to Regular appointment in all classifications which are lower in rank and which are considered in the direct line of promotion. ***"

{¶ 12} Rule 4.40-C conflicts with R.C. 124.31(B), which includes years of service earned within various departments of a municipality as well as service earned with other political subdivisions in calculating seniority credit to be added to scores in promotional civil service examinations. *State ex rel. McArthur v. DeSouza* (1992), 65 Ohio St.3d 25, 29, 599 N.E.2d 268, 271, citing *State ex rel. Ebersole v. Hurst* (1960), 111 Ohio App. 76, 12 O.O.2d 325, 165 N.E.2d 235.

{¶ 13} Express charter authorization is necessary to enable municipalities to adopt administrative rules that will prevail over statutory provisions in case of conflict. *State ex rel. Lightfield v. Indian Hill* (1994), 69 Ohio St.3d 441, 633 N.E.2d 524, syllabus. *Lightfield* applied *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 110, 524 N.E.2d 447, 451, which held that "[a]lthough the Constitution gives municipalities the authority to adopt home rule, local self-government, the exercise of those powers by the adoption of a charter should clearly and expressly state the areas where the municipality intends to supersede and override general state statutes." The court of appeals determined that Section 128(j) of the Cleveland Charter expressly stated that Cleveland intended to supersede and override general state statutes on the issue of seniority credit for promotion.

{¶ 14} In *Bardo*, *supra*, 37 Ohio St.3d at 109, 524 N.E.2d at 450, we stated:

5

"The rule of charter supremacy applies only where the conflict appears by the express terms of the charter and not by mere inference. *State ex rel. Ryan v. Kerr* (1932), 42 Ohio App. 19, 12 Ohio Law Abs. 292, 181 N.E. 546, affirmed (1932), 126 Ohio St. 26, 183 N.E. 535. In the absence of express language in a charter showing that it conflicts with the statutes, it is the duty of the courts to harmonize the provisions of the charter with the provisions of the statute relating to the same matter. *State ex rel. Votaw v. Matia* (1932), 43 Ohio App. 279, 12 Ohio Law Abs. 414, 183 N.E. 122, affirmed on other grounds (1932), 125 Ohio St. 598, 183 N.E. 533. While the express language of a charter may abrogate or nullify a state civil service law, such a result cannot be accomplished by a charter provision delegating authority to a municipal commission to nullify the law by adoption of a rule. *Id.* at 281, 12 Ohio Law Abs. at 415, 183 N.E. at 123." See, also, *State ex rel. Bednar v. N.Canton* (1994), 69 Ohio St.3d 278, 280, 631 N.E.2d 621, 624.

{¶ 15} In *Votaw*, *supra*, the Court of Appeals for Cuyahoga County considered a Cleveland Charter provision allowing the civil service commission to include by rule certain employees in the unclassified service. The court held, 43 Ohio App. at 281, 183 N.E. at 123:

"It is noteworthy that the charter does not provide that heads of departments appointed by the mayor shall, unlike the classification of the General Code, be placed in the 'classified service.' It leaves it instead to the discretion of the civil service commission to either permit the provision of the General Code to continue to operate, or to nullify said provision by enacting a rule to the contrary. It is our opinion that, while the express language of a charter adopted by the people of Cleveland may abrogate or nullify a state law pertaining to the civil service, such result cannot be accomplished by a provision of the charter delegating authority to the civil service commission to nullify the same by the adoption of a rule.

"***[W]here the charter contains no express language contradicting an existing state law relating to the civil service, this court must attribute an intention

to the framers of the charter to harmonize the provisions of the charter with those of the state law."

{¶ 16} In *Bardo*, *supra*, 37 Ohio St.3d at 110, 524 N.E.2d at 451, the court stated that the holding of the appellate court in *Votaw* was "consistent with the purpose of the home rule provisions of the Ohio Constitution." Similarly, in *State ex rel. Habe v. S. Euclid* (1990), 56 Ohio St.3d 117, 118, 564 N.E.2d 483, 485, the court relied on *Bardo* to hold state civil service laws applicable, rather than conflicting civil service commission rules, since "the authority to deviate from the statutory standard was not expressly set forth in the *** Charter." See, also, *Fraternal Order of Police Lodge No. 25 v. Lakewood* (Nov. 3, 1994), Cuyahoga App. No. 67196, unreported (Since the Lakewood Charter did not expressly authorize the civil service commission to set standards for determining seniority credit for purposes of promotional examinations that conflict with R.C. 124.31, the statute applied instead of a conflicting civil service commission rule.).

{¶ 17} Based on the foregoing, appellants claim that R.C. 124.31(B) applies, since the charter leaves it to the discretion of the commission to either permit R.C. 124.31(B)'s definition of seniority credit to continue or to nullify that provision by enacting a contrary rule. However, appellants misconstrue the breadth of the *Bardo* holding. While *Bardo* cited *Votaw* with approval, its specific holding was more limited than the appellate court in *Votaw*:

"*** Although the Constitution gives municipalities the authority to adopt home rule, local self-government, the exercise of those powers by the adoption of a charter should clearly and expressly state the areas where the municipality intends to supersede and override general state statutes. Accordingly, we hold that express charter language is required to enable a municipality to exercise local self-government powers in a manner contrary to state civil service statutes.

"Because the Lyndhurst Charter does not contain a clear and express exercise of home rule powers specifically authorizing the commission to adopt rules

with regard to certification of names from promotion lists, neither the charter nor the commission's rules supersede the requirements of R.C. 124.44 as to certification of candidates from eligibility lists." *Bardo*, *supra*, 37 Ohio St.3d at 110-111, 524 N.E.2d at 451-452.

{¶ 18} Both *Bardo* and *Habe* involved city charters that did not clearly and expressly authorize the municipal civil service commissions therein to adopt rules as to the certification of names from eligibility lists, but only provided generally for the adoption of rules on appointment and promotion. Similarly, in *Lightfield*, *supra*, 69 Ohio St.3d at 443, 633 N.E.2d at 526, "since the Indian Hill Charter does not contain express language authorizing the adoption of rules with regard to the certification of names from promotion lists, neither the charter nor the personnel rules supersede the requirements of R.C. 124.44 as to certification of candidates from eligibility lists." Finally, in *Fraternal Order of Police Lodge 25*, *supra*, the appellate court emphasized that the Lakewood Charter "does not expressly state anything about seniority."

{¶ 19} In the case at bar, Sections 1 and 2 of the Cleveland Charter express an intent on the part of the city to exercise home-rule powers to their fullest extent. Section 127 of the Cleveland Charter delegates general authority to the civil service commission to promulgate rules regarding promotion. Section 128(j) of the Cleveland Charter clearly and expressly states that the civil service commission has the specific authority to promulgate rules as to promotion based on competitive tests and seniority. Since the charter provides express language authorizing the adoption of rules regarding seniority as it relates to promotion based on competitive examinations, Rule 4.40-C of the Cleveland Civil Service Commission supersedes R.C. 124.31(B). See *Lightfield* and *Bardo*, *supra*.

{¶ 20} Appellees correctly calculated seniority credit based on the civil service commission rule. To hold otherwise would force municipalities to repeatedly seek amendment of their charters to expressly repudiate subsequently

enacted statutes, even where the charters had already afforded their civil service commissions the authority to adopt rules in the specific areas covered by the statutes. This result would be inconsistent with the purpose of home-rule authority. Accordingly, the court of appeals properly denied the writ on the basis that appellants failed to establish either a clear legal right to seniority credit under R.C. 124.31(B) or a corresponding clear legal duty on the part of appellees to provide such credit.

**{¶ 21}** For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would reverse the judgment of the court of appeals.

_____