This is an appeal from the Montgomery County Court of Common Pleas.
The Oakwood Planning Commission recommended continuing the Oakwood School Board's special use permit which allowed it to operate a latch key day care center at the Oakwood Lutheran Church of Our Savior. The Oakwood City Council passed an ordinance adopting the recommendation and granting the special use permit. Appellants took a Revised Code Chapter 2506 appeal to the lower court which found that it did not have jurisdiction to consider the matter and dismissed the appeal.
From the decision of the lower court, appellants take this appeal designating four assignments of error. We shall begin with a discussion of the first assignment of error because it raises a jurisdictional issue which must be resolved before the others may be considered.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' APPEAL BECAUSE OF LACK OF SUBJECT MATTER JURISDICTION.
R.C. 2506.01 deals with appeals from decisions of any agency of any political subdivision, and provides as follows:
 Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code, except as modified by this chapter.
 The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.
 A "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.
It is well established law, and indeed the parties do not disagree, that a court may not review an exercise of legislative authority under Revised Code Chapter 2506., Donnelly v. FairviewPark (1968), 13 Ohio St.2d 1. Nor do the parties dispute that the courts do have jurisdiction to review any decision arising out of a quasi-judicial proceeding held before an administrative entity. State, ex rel. McArthur v. DeSouza (1992), 65 Ohio St.3d 25. The issue in this case is whether the action of the City Council was legislative or quasi-judicial.
Appellants' argue that the March 17, 1997 meeting when the permit was granted was a quasi-judicial proceeding, and, therefore, the trial court had subject matter juris diction. The test for determining whether a hearing is quasi-judicial is set out in DeSouza, supra, where the Supreme Court held that a hearing is to be considered quasi-judicial when the standards for basic due process such as notice, the right to be heard, and the opportunity to present evidence are required. As was said in paragraph 2 of the syllabus, of M.J. Kelley Co. v. Cleveland
(1972), 32 Ohio St.2d 150.
 Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.
Appellants' argue that Codified Ordinance 1107.05(D) provides for public notice and written notice to homeowners within two hundred feet. They further argue that city council did conduct a hearing on the matter which was recorded and after which the council made findings of fact and conclusions of law, and so on. It was, appellants assert, error for the trial court to find that this was not a quasi-judicial hearing.
We disagree. As noted in Judge Stephenson's opinion inRoyster v. Circleville City Civil Serv. Comm. (Apr. 5, 1996), Pickaway App. No. 95CA19, unreported, 1996 Ohio App. Lexis 1506, the question is not what kind of hearing was conducted but what kind of hearing was required:
 We note that we need not review the June 28, 1994 hearing itself to determine if it was a quasi-judicial proceeding. Instead, we must determine as a matter of law if the hearing was required to be a quasi-judicial proceeding. See, State, ex rel. City of Dublin v. Delaware County Commissioners (1991), 62 Ohio St.3d 55, 61; In re Appeal of Howard (1991), 73 Ohio App.3d 717, 719. Stated differently, we must determine if appellee was required to provide appellants with a quasi-judicial hearing rather than determine whether the June 28, 1994 meeting was a quasi-judicial hearing. The question is one of law, not of fact.
(Emphasis added.)
While Oakwood Codified Ordinance 1107.05(D) does require that notice be given, none of the other rights required at a quasi-judicial hearing are mentioned. There is no right to be heard nor any right to present evidence. In fact, the section creates no rights at all but merely imposes a duty on how the hearing is to be conducted.
Clearly, the ordinance granting the special use permit and the hearing procedures by which it was adopted were legislative acts and as such not reviewable on appeal under R.C. 2506.
Appellants further assert that Oakwood Codified Ordinance1107.05(E) provides in relevant part:
 While the decision of the Council may be set forth in an ordinance or resolution, it shall be deemed to be an administrative decision, appealable to the judicial system in the same manner as other administrative decisions may be appealed.
Appellants argue that this section of the ordinance makes all such actions appealable.
We disagree. The jurisdiction granted to any Ohio court is set out in the Ohio Constitution. Only the Ohio legislature has the power to grant jurisdiction to hear administrative appeals. The legislature has granted common pleas courts the jurisdiction to hear appeals from the decisions of administrative hearings which are quasi-judicial, but it did not grant the courts jurisdiction to hear appeals from decisions which are legislative. The Oakwood City Council and its ordinances cannot create jurisdiction where there is none.
The trial court was correct in holding that it did not have jurisdiction to hear this appeal. The first Assignment of Error is not well taken and is overruled.
Having decided that it had no jurisdiction, the trial court nonetheless issued an opinion which addressed some of appellants' contentions on the merits. These comments by the trial court are the basis for assignments of error numbers II, III, IV. In light of our decision on the first assignment of error that the trial court had no jurisdiction, the trial court's comments are merelyobiter dicta and assignments of error based on them are moot. Assignments of error numbers II, III, and IV are overruled on that ground.
Based on the foregoing, the judgment of the trial court is affirmed.
GRADY, P.J. and MILLIGAN, J., concur.
Hon. Lawrence Grey, Retired from the Court of Appeals, Fourth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
Robert Surdyk
Don A. Little
Hon. Jeffrey Froelich