CITY OF ENGLEWOOD, Appellee and Cross–Appellant,

v.

TURNER, Appellant and Cross–Appellee.

[Cite as *Englewood v. Turner,* 168 Ohio App.3d 41, 2006-Ohio-2667.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21246.

Decided May 26, 2006.

42

Michael P. McNamee, Cynthia P. McNamee, and Gregory B. O'Connor, for appellee and cross-appellant.

Konrad Kuczak, for appellant and cross-appellee.

---

GRADY, Presiding Judge.

{¶ 1} Stella Turner owns real property located at 20 North Union Boulevard in Englewood. On July 8, 2003, Englewood's Housing Officer sent a notice of violation to Turner, identifying a number of structural defects and conditions at the property that allegedly constitute a nuisance and create a hazard. The notice informed Turner that she had until July 22, 2003, to either abate the nuisance or to work with Englewood to agree upon a satisfactory schedule to do so.

{¶ 2} On July 22, 2003, the Englewood City Council adopted Resolution No. 27–03, which restated the conditions on Turner's property that constitute a nuisance and gave Turner an additional 30 days to abate the nuisance.

{¶ 3} On October 30, 2003, Englewood commenced an action in the court of common pleas (case No. 03–CV–7935) against Turner, requesting the court to order an abatement of the alleged nuisance, reimbursement for any costs to abate the nuisance, and injunctive relief. The action was referred to the court's magistrate. Englewood subsequently moved for summary judgment, which was granted by the magistrate in a decision filed on December 3, 2004. Turner filed her first set of objections to the magistrate's decision on December 20, 2003, and a second or supplemental set of objections on January 5, 2005.

{¶ 4} On January 19, 2005, while her objections in case No. 03–CV–7935 were pending, Turner filed notices of appeal with the Clerk of the Englewood City Council, notifying Englewood of Turner's intent to contest the adoption of Resolution No. 27–03. The following day, January 20, 2005, Turner commenced her own action in the court of common pleas (case No. 05–CV–0488) against Englewood, challenging the adoption of Resolution No. 27–03 and requesting a declaratory judgment, an administrative appeal, and injunctive relief. Englewood moved for summary judgment on Turner's complaint and requested sanctions and attorney fees.

{¶ 5} The two actions were consolidated by the common pleas court. On August 11, 2005, the court granted Englewood's motion to strike Turner's second set of objections to the magistrate's decision as untimely filed, overruled Turner's first objections, and adopted the magistrate's decision in case No. 03–CV–7935 that granted Englewood's motion for summary judgment. The court also grant-

ed Englewood's motion for summary judgment in case No. 05–CV–0488, but denied Englewood's motion to impose sanctions and attorney fees in that action. Turner filed a timely notice of appeal and Englewood filed a timely notice of cross-appeal.

{¶ 6} Turner assigns the following errors in her appeal.

First Assignment of Error

{¶ 7} "Englewood's nuisance abatement procedures did not satisfy fundamental due process requirements, the judgment of the trial court enforcing same is thus contrary to law."

Second Assignment of Error

{¶ 8} " The judgment the trial court granting Englewood's complaint for nuisance abatement is contrary to law."

Third Assignment of Error

{¶ 9} "Insofar as the judgment of the trial court ordering Mrs. Turner to 'abate the nuisance' might be construed to constitute injunctive relief, it too is contrary to law."

Fourth Assignment of Error

{¶ 10} "Mrs. Turner did not fail to exhaust administrative remedies; the trial court committed prejudicial error by so finding; the filing of her administrative notice of appeal on January 19, 2005 was timely."

Fifth Assignment of Error

{¶ 11} "The trial court committed prejudicial error by ignoring Mrs. Turner's complaint for declaratory judgment."

{¶ 12} The trial court found that Turner is foreclosed as a matter of law from contesting Englewood's finding that her property constitutes a nuisance, because she failed to exhaust her administrative remedies on that finding. In particular, the trial court found that Turner failed to seek review of either the housing officer's July 8, 2003 notice, which could have been appealed to the city council pursuant to Property Maintenance Code 1454.17(b), or the city council's Resolution 27–03, which could have been appealed to the court of common pleas.

{¶ 13} With respect to any appeal from the housing officer's order, to find that Turner failed to exhaust her administrative remedies, there must be an administrative remedy that she failed to exhaust. An administrative remedy requires, at a minimum, notice, a hearing, and an opportunity to introduce evidence. *State ex rel. McArthur v. DeSouza* (1992), 65 Ohio St.3d 25, 27, 599 N.E.2d 268.

{¶ 14} Englewood's Property Maintenance Code 1454.17(b) states: "Determinations of Council in conjunction with the administration of this chapter may be appealed only to the Court of Common Pleas. Council shall hear appeals from rulings of the Housing Officer."

{¶ 15} No procedure for appeals to the city council is set forth in the Property Maintenance Code, including some provision for a hearing or opportunity to present evidence. Further, there is no evidence in the record that Turner was informed of any right to a hearing: neither the housing officer's July 8, 2003 letter nor the city council's July 22, 2003 resolution identifies any right to an appeal or a hearing. Under these facts, any appeal from the housing officer's decision to the city council pursuant to 1454.17(b) would not constitute an administrative remedy. See *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 166 Ohio App.3d 171, 2005-Ohio-6817, 849 N.E.2d 1064, holding that the petitioners did not fail to exhaust their administrative remedies when there was no hearing, no opportunity to introduce evidence or to interview witnesses available, and no procedure for doing so.

{¶ 16} The trial court also found that Turner could have appealed the city council's resolution to the court of common pleas pursuant to Property Maintenance Code 1454.17(b). However, the city council and its ordinances cannot create jurisdiction where there is none. *Parents for Responsible Oakwood Zoning, Inc. v. Oakwood* (Feb. 5, 1999), Montgomery App. No. 17231, 1999 WL 58097. The jurisdiction granted to the common pleas court is instead governed by the Ohio Constitution, Section 4(B), Article IV, and only the General Assembly has the power to grant jurisdiction to hear administrative appeals. Id.

{¶ 17} Appeals from local administrative agencies to the court of common pleas are governed by the Appellate Administrative Procedure Act, R.C. 2506.01 et seq. Under the Act, the court of common pleas lacks jurisdiction to review an administrative decision unless the decision is a final resolution of a quasi-judicial proceeding. *DeSouza*, 65 Ohio St.3d at 27, 599 N.E.2d 268; R.C. 2506.01. "[P]roceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for the introduction of evidence." Id.

{¶ 18} The city council's Resolution No. 27–03 is not a quasi-judicial order. No notice was given that the resolution might issue, and, as explained above, no procedure existed by which Turner could offer evidence concerning the matter the resolution decided. Therefore, Resolution 27–03 was not subject to review by the common pleas court pursuant to the Administrative Procedure Act. See *Thomas v. Beavercreek* (1995), 105 Ohio App.3d 350, 663 N.E.2d 1333, holding that the Beavercreek City Council's adoption of the recommendation of the

Assessment Equalization Board was not an exercise of the council's quasi-judicial determination and could not be appealed to the court of common pleas under R.C. 2506.01; *Parents for Responsible Oakwood Zoning, Inc.,* supra, finding that the notice provision in the Oakwood Codified Ordinance, along with the hearing provided by the city council, was insufficient to establish a quasi-judicial determination when none of the other rights required at a quasi-judicial hearing were mentioned in the codified ordinance.

{¶ 19} Englewood argues that the exhaustion-of-administrative-remedies requirement should nevertheless be applied to Turner pursuant to our decisions in *Dayton v. Lowe* (Apr. 24, 1998), Montgomery App. No. 16651, 1998 WL 199632, and *Dayton v. Sheibenberger* (1986), 33 Ohio App.3d 263, 515 N.E.2d 948, and the Sixth District Court of Appeals' decision in *Wauseon v. Plassman* (Feb. 25, 1994), Fulton App. No. 93FU000006, 1994 WL 63014. These cases are inapposite.

{¶ 20} In *Lowe,* the defendant was informed that he could appeal the nuisance determination to the nuisance appeals board. A similar mechanism was available to the defendant in *Sheibenberger,* who received a notice informing him of his right to appeal the city housing inspector's decision to the Dayton Housing Appeals Board. In *Plassman,* the notices sent to the property owners apprised them of an adjudication order under R.C. 3781.11, the right to appeal the order under R.C. Chapter 119, a violation under R.C. 3737.41, which provided for a hearing and appeals process under R.C. 119.12, and violations of the Wauseon Maintenance Code, which provided for a specific notification process and the means to appeal any decision. Turner, on the other hand, was provided with no notice of any right to a hearing or to present evidence, and Englewood's Property Maintenance Code did not provide for a procedure to ensure these rights.

{¶ 21} The trial court erred when it adopted the magistrate's decision to grant summary judgment in case No. 03–CV–7935 and when it granted summary judgment in case No. 05–CV–0488 on a finding that Turner had failed to exhaust administrative remedies. Turner's first and fourth assignments of error are sustained. Our resolution of Turner's first and fourth assignments of error makes it unnecessary to rule on Turner's remaining three assignments of error. App.R. 12(A)(1)(c).

Cross–Assignment of Error

{¶ 22} "The trial court's denial of the City of Englewood's request for attorneys' fees constituted an abuse of discretion in light of Mrs. Turner's and her attorneys' blatant, habitual disregard for the appropriate rules of civil and administrative procedure and the trial court's acknowledgment of such behavior."

{¶ 23} On February 9, 2005, in the action Turner filed, Englewood sought attorney fees pursuant to R.C. 2323.51 and Civ.R. 11. Englewood argued that

the filing of the action is frivolous because it is barred by res judicata and the statute of limitations relating to administrative appeals. The trial court denied Englewood's request for attorney fees, finding that the action was not barred by either res judicata or the statute of limitations.

{¶ 24} We review the trial court's denial of attorney fees for an abuse of discretion. In order to constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (citing *State v. Jenkins* (1984), 15 Ohio St.3d 164, 15 OBR 311, 473 N.E.2d 264).

{¶ 25} The trial court correctly found that res judicata and the statute of limitations did not preclude the Turner action. Consequently, we find that the trial court did not abuse its discretion in denying Englewood's motion for attorney fees. The cross-assignment of error is overruled.

Conclusion

{¶ 26} Having sustained Turner's first and fourth assignments of error, we reverse and vacate the judgment from which the appeal was taken, in part, and remand the cause for further proceedings.

Judgment accordingly.

BROGAN and DONOVAN, JJ., concur.