DECISION AND JOURNAL ENTRY
Appellants, Brian Steele and Jeffery Nash were passed over for promotions with the City of Twinsburg Police Department and appealed the promotional selections to the Twinsburg Civil Service Commission. The Commission found the appeal was "not sustained." On October 15, 1999, the Summit County Court of Common Pleas affirmed the decision of the Twinsburg Civil Service Commission. Appellants[1] now appeal the decision of the court of common pleas.
 I
In 1998 the City of Twinsburg Police Department had two positions open in the rank of Lieutenant and two positions open in the rank of Sergeant. Brian Steele ("Steele") applied for a promotion to the rank of Sergeant and Jeffrey Nash ("Nash") applied for a promotion to the rank of Lieutenant. Steele and Nash participated in the examinations and assessment reviews for their respective positions. The results of the examination for each rank were posted. Steele was ranked second among the six candidates on the eligibility list for Sergeant and Nash was ranked second among the five candidates on the eligibility list for Lieutenant.
The Twinsburg Civil Service Commission ("Commission") followed a local civil service rule and certified the names of the top three ranked candidates to the mayor of Twinsburg. Section 4.05, Article IV of the Twinsburg City Charter vests the mayor with "the power to appoint, promote, discipline, transfer, reduce or remove any employee of the City." In June 1998, the candidates ranked first for each position were promoted. In January 1999, the candidate ranked third was promoted to Lieutenant and the candidate ranked fourth was promoted to Sergeant. These promotions passed over Steele and Nash who were both ranked second for their respective positions.
Steele and Nash appealed the January 1999 denial of their promotions to the Commission. The Commission held individual hearings for Steele and Nash in March, 1999. Both Steele and Nash testified at their respective hearings that the only issue before the Commission was whether Twinsburg had a local civil service rule authorizing the mayor to choose any candidate from among the top three ranked candidates to fill an open position. Steele and Nash argued that the state civil service rule required the Commission to certify only the name of the candidate with the highest rating and "[u]pon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of such certification." R.C. 124.44.
On April 28, 1999, the Commission found that the appointing authority, mayor of Twinsburg, complied with the rules and regulations of the Twinsburg Civil Service Commission. Pursuant to R.C. 2506, Steele and Nash appealed the decision of the Commission to the Summit County Court of Common Pleas. The parties submitted briefs to the trial court regarding the issues raised in the administrative appeal.
On October 15, 1999, the trial court found that the "order of the Commission [was] supported by reliable, probative and substantial evidence, and it was made in accordance with law." Steele and Nash filed a timely appeal to this court.
 II
Steele and Nash's first assignment of error states:
 THE DECISIONS OF THE TWINSBURG CIVIL SERVICE COMMISSION WERE UNCONSTITUTIONAL AND ILLEGAL AND SHOULD HAVE BEEN REVERSED.
Steele and Nash challenge the use of a Twinsburg Civil Service Commission rule regarding police department promotions. They state there is no existing conflict between the local and state civil services commissions rules and argue that without an express conflict the local civil service commission rule does not supersede the state civil service rule. We disagree.
There is a conflict between the Twinsburg Civil Service Commission rule and R.C. 124.44. R.C. 124.44 states that municipal civil service commission shall hold a competitive promotional examination for any vacancy above the rank of patrolman in the police department and
 [a]fter such examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified * * *
The Twinsburg Civil Service Commission rule states "[i]n all promotional examinations, the Commission shall certify to the appointing authorities or their delegate, the top three (3) names in the eligible list." Twinsburg Civil Service Commission Rules and Regulations, Section 2, Article XI. The conflict is between the number of eligible names that the Commission must certify to the appointing authority. The local rule requires three names while R.C. 124.44 requires only one.
In the event of conflict between a charter provision and a state statute, the general rule is that the charter prevails, but only where the conflict is by "the express terms of the charter and not by mere inference." State ex rel. Bardo v. City ofLyndhurst (1988), 37 Ohio St.3d 106, 109. A municipal charter will prevail if the administrative rule is expressly set forth in the charter. State ex rel. Canada v. Phillips (1958), 168 Ohio St. 191, paragraph two of the syllabus.
The conflicting eligible list specifications were set forth in the Twinsburg Civil Service Commission rules as authorized by the municipal charter. The Ohio Constitution authorizes municipalities to "exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. This section of the Ohio Constitution is referred to as the home rule amendment. The appointment of officers within a city's police department represents an exercise of local self-government within the home rule amendment. Phillips, 168 Ohio St. 19 at paragraph one of the syllabus.
The pertinent provisions of the Twinsburg Charter provide:
Section 2.02 POWERS.
 The City shall have all the powers, general or special, government or proprietary, that may now or hereafter lawfully be possessed or exercised by municipal corporations under the Constitution and general laws of the State of Ohio. The powers of this City shall be exercised in the manner prescribed in this Charter, or, to the extent that the manner is not prescribed herein, in such manner as the Council may determine. The powers of the City may also be exercised, except if a contrary intent or implication appears in this Charter or in the enactments of the Council, in such manner as may now or hereafter be provided by the general laws of the State of Ohio.
Section 4.05 POWERS OF THE MAYOR.
* * *
 Subject to provisions of the Civil Service Regulations and the provisions of this Charter, the Mayor shall have the power to appoint, promote, discipline, transfer, reduce or remove any employee of the City except (a) those required by this Charter to be elected, and (b) those whose terms of office may be fixed by this Charter.
Section 7.01 [Administrative Commissions] GENERAL
 PROVISIONS.
* * *
 The City shall have the following Commissions, Boards and committees:
Civil Service Commission.
Section 7.05 CIVIL SERVICE COMMISSION.
* * *
 The Civil Service Commission shall make necessary rules and regulations for the appointment, promotion, transfer, layoff, reinstatement, suspension, removal and in general, for the enforcement of the merit system, in the Classified Service.
* * *
 The Commission shall provide rules for the procedure of the Commission for the standardization and classifications of the positions, for competitive and non-competitive tests, for qualifications in meeting reasonable requirements as to age, sex, physical condition and moral character, for investigating and keeping a record of the efficiency of the personnel in the Classified Service and for requiring reports relative thereto from appointing authority, or his delegated authority, for such other rules as may be necessary and proper for the enforcement of the merit system and for appeals from the action of the appointing authority in the case of transfer, reduction or removal and the action of the Commission in any such appeal shall be final.
Steele and Nash argue the Twinsburg charter does not contain the requisite express language to enable the municipality to exercise its local self-government powers in a manner contrary to state civil service statutes. See Stateex rel. Lightfield v. Indian Hill (1994), 69 Ohio St.3d 441,442-443; citing Bardo, 37 Ohio St.3d at 110. In Bardo andLightfield the city charters contained only general provisions for the adoption of rules on appointment and promotions. State ex rel. Regetz v. Cleveland Civ. Serv.Comm. (1995), 72 Ohio St.3d 167, 172.
In the present case, Section 2.02 of the Twinsburg Charter expresses the city's intent to exercise home rule powers. Section7.01 of the Twinsburg Charter provides for the existence of a civil service commission. Section 7.05 of the Twinsburg Charter delegates the general authority to create rules and regulations regarding promotion. Section 7.05 also clearly and expressly states that the Commission has the authority to create rules of procedure for standardization and classification of positions and competitive tests.
Pursuant to its authority under Section 7.05 the Commission promulgated a promotional examinations rule that requires the Commission to certify to the appointing authority "the top three (3) names on the eligible list." Section 2, Article XI of the Twinsburg Civil Service Commission Rules and Regulations. The Commission defined the term promotional examination as signifying
 a fitness test to determine the relative standing of applicants for positions in a specified class and open only to employees in the classified service who, at the time of the examination, are serving in other specified classes for such a period as may be prescribed by the Commission.
Section 2, Article XI of the Twinsburg Civil Service Commission Rules and Regulations. The Twinsburg Charter contains the requisite express language authorizing the adoption of rules and regulations regarding promotions, standardization and classification of positions and competitive tests. Bardo, 37 Ohio St.3d at 110. Therefore, we find that the Twinsburg Civil Service Rule supersedes R.C.124.44. The first assignment of error is overruled.
 III
Steele and Nash's second assignment of error states
 THE DECISIONS OF THE TWINSBURG CIVIL SERVICE COMMISSION WERE UNREASONABLE, ARBITRARY, CAPRICIOUS, OR OTHERWISE CONTRARY TO ITS OWN PERSONNEL RULES AND REGULATIONS.
Steele and Nash challenge the Commission's interpretation of its own rule allowing the appointing authority to choose one of three certified names for an open position in the police department. They argue that the plain language of the Twinsburg Civil Service Commission rule does not support a "rule of three" and that the court of common pleas improperly inferred a "rule of three" from the language of the rule.
In the present case, Steele and Nash appealed the decision of the Commission pursuant to R.C. 2506. R.C. 2506.01 provides a party may appeal the decision of an administrative agency to the court of common pleas. In reviewing an administrative decision, the court of common pleas may find "that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C.2506.04. If there is in the record a preponderance of reliable, probative, and substantial evidence to support the administrative decision, the common pleas court must affirm. Dudukovich v.Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207.
An appellate court must determine whether the common pleas court accorded due deference to the commission in finding that the commission's decision was supported by reliable, probative, and substantial evidence. Univ. Hosp., Univ. of Cincinnati College ofMedicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,343-344. In making this determination the appellate court uses an abuse of discretion standard. Lorain City Bd. of Edn. v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. An abuse of discretion is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A common pleas court abuses its discretion when its decision is without reasonable basis or is clearly wrong. Qualls v. Akron Civ. Serv.Comm. (June 18, 1997), Summit App. No. 17977, unreported, at 3-4.
A "rule of three" requires that the commission list the top three ranked candidates for a position and permits the appointing authority to choose any one of the three candidates to fill the position. A city charter with home rule may adopt a rule of three as an exercise of its local self-government powers, notwithstanding that the rule of three conflicts with a state statute. Phillips, 168 Ohio St. at paragraph two of the syllabus. Having held under the first assignment of error that the Commission's rule regarding promotions was a valid exercise of home rule self-government we turn to the specific language of the rule.
Steele and Nash argue that the plain language of the rule does not support the Commission's interpretation of a rule of three. The rule states "[i]n all promotional examinations, the commission shall certify to the appointing authorities or their delegate, the top three (3) names on the eligible list." Section 2, Article XI of the Twinsburg Civil Service Commission Rules and Regulations. They interpret the language of the rule to require the appointing authority to choose only the top ranked candidate from the three certified names. The court of common pleas reviewed the record and agreed with Steele and Nash that the Twinsburg rule does not address a specific procedure to follow after the Commission certifies the three top ranked names to the appointing authority. However, no other provisions of the charter require the appointing authority to pick only the top ranked candidate. The mayor's duty, as appointing authority in Twinsburg, is at best ambiguous.
After reviewing the record the court held "[l]ogically, it would make no sense to give an appointing authority three names if it could only appoint the highest ranking person." Steele and Nash argue that Twinsburg may have chosen to provide the appointing authority with a pool of candidates in case the top ranked candidate was no longer able to fill the opening. They suggest the possibility where the top ranked candidate turns down, becomes ineligible, or is otherwise unavailable for the promotion. Steele and Nash offer plausible reasoning for their interpretation of the rule; however, these justifications do not render a "rule of three" interpretation unreasonable. Steele and Nash argue that without explicit authority to choose any of the three certified candidates, the Twinsburg rule must be interpreted as permitting the appointment of only the top ranked candidate.
We find the court of common pleas did not abuse its discretion. It is not clearly contrary to law to allow the mayor to choose from among the three top certified candidates. The authority to choose any of the three candidates from the certified list is a reasonable interpretation of the Twinsburg rule.
On appeal, Steele also argues that the Commission never certified the name of the fourth ranked candidate. He argues that the court erred in stating that "a new list for each position was certified containing the three highest ranking individuals after deleting from each list the person appointed." However, Steele never raised this issue either to the Commission or the common pleas court. A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention.Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Thus, a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below.Stores Reality Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, we will not address the merits of this argument. We overrule that second assignment of error and affirm the judgment of the court of common pleas.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT, BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] Steele and Nash filed separate appeals to the Twinsburg Civil Service Commission. On appeal to the court of common pleas all parties agreed that the facts were similar and the applicable law was the same.