[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 1235.]

BERRY V. GREENE, JUDGE, ET AL.

[Cite as *Berry v. Greene*, 1999-Ohio-72.]

*Motions to dismiss petition for writ of habeas corpus granted and cause dismissed.*

(No. 99-1518–Submitted October 12, 1999–Decided December 22, 1999.)

IN HABEAS CORPUS.

ON MOTIONS TO DISMISS.

————————————

*Denise R. Berry, pro se.*

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for respondent Judge Lillian J. Greene.

*Betty D. Montgomery*, Attorney General, and *Diane D. Mallory*, Assistant Attorney General, for respondent Attorney General.

————————————

{¶ 1} Respondents' motions to dismiss are granted, and the cause is dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

————————————

**LUNDBERG STRATTON, J., concurring.**

{¶ 2} Petitioner filed a complaint with this court seeking a writ of habeas corpus to compel respondent Court of Common Pleas of Cuyahoga County, through Judge Lillian J. Greene, and respondent Bureau of Criminal Identification and

Investigation ("BCI"), through the Ohio Attorney General, to clear her record.[1] Petitioner also claims that her record at the BCI was released without authorization to her employer, which caused her to lose her job. I agree with the majority's dismissal of this case. I write separately because I wish to underscore an apparent injustice.

{¶ 3} Petitioner was indicted on drug charges on January 17, 1996. These charges were reflected on petitioner's BCI record. On March 26, 1996, petitioner pled no contest and accepted treatment in lieu of conviction, during which time the proceedings against her were stayed. But petitioner's BCI record erroneously reflected that she was *convicted* of the drug charges. Petitioner alleges that in July 1997 the court of common pleas suspended her driver's license because of her "drug-related felonies."

{¶ 4} Petitioner completed her treatment, and on October 24, 1997, Judge Greene dismissed the charges against petitioner. Petitioner moved Judge Greene to expunge her record. On February 2, 1998, Judge Greene granted the motion and issued a "Judgment of Expungement of *Conviction*." (Emphasis added.) A notice of the expungement was forwarded to the BCI. In turn, petitioner's BCI record noted the expungement.

{¶ 5} On May 17, 1999, Judge Greene filed an amended "Judgment of Expungement Following * * * Treatment *in Lieu of Conviction*." (Emphasis added.) Judge Greene sent notice of the amended expungement to the BCI on May 25, 1999.

---

1. In the caption of her petition, petitioner names two respondents: (1) the Common Pleas Court of Cuyahoga County, through Judge Greene, and (2) the Ohio Attorney General. However, in the body of her petition it is clear that petitioner's complaints directed at the Attorney General are more specifically directed to the BCI, which is part of the Attorney General's Office. See R.C. 109.51. Therefore, for purposes of clarity, I shall refer to the BCI as the second respondent throughout the remainder of my concurrence.

**{¶ 6}** Although Judge Greene's original judgment mistakenly expunged a *conviction*, it appears that she subsequently corrected that error and has complied with her duties with regard to petitioner's record in this case. The BCI, on the other hand, fails to contradict the merits of petitioner's claims; its brief merely states that the petitioner has no claim for relief pursuant to a complaint for a writ of habeas corpus because she was never incarcerated.

**{¶ 7}** Our entire legal system is predicated upon a body of law that dictates that specific procedures must be used to obtain certain types of relief. We cannot simply ignore these procedures and grant relief solely upon what appears to be just. To do so would create turmoil in our legal system.

**{¶ 8}** "The extraordinary remedy of habeas corpus is for the purpose of determining the legality of the restraint or custody under which a person is held." *In re Lockhart* (1952), 157 Ohio St. 192, 47 O.O. 129, 105 N.E.2d 35, paragraph two of the syllabus. By petitioner's own admission she is not, and has never been, restrained. Therefore, petitioner's complaint seeking a writ of habeas corpus fails to state a claim upon which relief can be granted. Thus, I must regrettably concur in dismissing this case.

**{¶ 9}** That is not to say that petitioner is necessarily without a remedy. The "evidence" seems to indicate that the suspension of petitioner's driver's license in 1997 was due to the 1996 drug charges before Judge Greene. These charges were *dismissed*. Surely, *if* this characterization of the "evidence" is *correct,* the Bureau of Motor Vehicles would voluntarily reinstate petitioner's driver's license.

**{¶ 10}** The "evidence" also seems to indicate that the BCI has improperly maintained petitioner's record. Petitioner's BCI record indicates that she was *convicted* of drug charges. Yet Judge Greene indicates that these drug charges were *dismissed*. The judgment entry attached to petitioner's brief confirms the dismissal.

**{¶ 11}** Although there is no express proof that the petitioner's BCI record was released to her employer, petitioner's possession of her record implies that the

BCI improperly released her record to an unauthorized person despite Judge Greene's Judgment of Expungement that sealed petitioner's record. Excluding certain exceptions, not raised here, sealed records are not to be available for inspection. See R.C. 2953.53.

{¶ 12} Surely if this characterization of the "evidence" is correct, the BCI would voluntarily correct petitioner's record to reflect that the drug charges against her were dismissed, as well as prevent further release of her record to any unauthorized party.

{¶ 13} But should the BCI fail to act, petitioner's appropriate recourse might lie in a complaint seeking a writ of mandamus to compel the BCI to correct her record to reflect the dismissal of the drug charges. Petitioner might have recourse in the form of a declaratory action seeking a judgment declaring that her BCI record should not be made available to unauthorized persons. If the BCI knowingly released petitioner's record, petitioner, through the prosecutor, might also be able to pursue criminal charges. See R.C. 2953.55(B). Finally, petitioner might have a mandamus action to compel the Bureau of Motor Vehicles to reinstate her driver's license.

{¶ 14} Therefore, I concur with the dismissal of this case, but express my dismay at the apparent injustice that has occurred against the petitioner.

_____