OPINION
{¶ 1} This is an appeal brought by Teresa A. Galluzzo (Cook) from a judgment of the court of common pleas. The judgment adopted the decision of a magistrate that found Michael A. Galluzzo in contempt for failure to pay child support. Michael[1] filed a notice of cross-appeal, but has not filed a brief assigning error in the trial court's judgment. His cross-appeal will be dismissed.
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ERRED AND [SIC] ABUSE OF DISCRETION IN FAILING TO IMPOSE INTEREST ON THE CHILD SUPPORT ARREARAGE OWED BY MR. GALLUZZO."
 {¶ 3} Teresa objected that the magistrate erred when he failed to award interest on the amount of the support arrearage the magistrate determined. The trial court overruled the objection, without elaboration.
 {¶ 4} Teresa argues that R.C. 3113.219 and R.C. 3109.05(C) both require an award of interest. We do not agree, because those requirements were not applicable at the times the decision and order were entered.
 {¶ 5} R.C. 3113.219, which formerly imposed an interest requirement, was repealed by S.B. 180 (2000), effective March 22, 2001. The same legislation enacted R.C. 3123.17(A), which contains a like requirement, but R.C. 3123.17(A) became effective only on July 6, 2001. The magistrate's decision and the court's judgment were each filed during the hiatus[2] between those two dates, on March 28 and April 26, 2001, respectively. Therefore, neither was controlled by R.C. 3113.219 or its successor, R.C. 3123.17(A).
 {¶ 6} R.C. 3109.05(C), on which Teresa also relies, was effective when the decision and the judgment were entered. It requires the court to "assess interest on any unpaid amount of child support pursuant to section 3123.17 of the Revised Code." However, because R.C. 3123.17 was itself not in effect at the relevant times, the court was not required by R.C. 3109.05(C) to assess interest pursuant to its provisions.
 {¶ 7} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "MRS. COOK'S CURRENT HUSBAND WAS IMPROPERLY JOINED AS A PARTY."
 {¶ 9} The magistrate joined Teresa's current spouse, James Cook, as a party to the proceedings on Michael's motion, pursuant to Civ.R. 19. Teresa subsequently objected. The trial court overruled her objection, holding that "[t]he joinder of James Cook is permissible under the Civil Rules and the inherent power of the Court."
 {¶ 10} It is unclear on what authority the magistrate relied when he joined James Cook. The magistrate is authorized by Civ.R. 53(C)(3)(a) to issue certain pretrial orders, but joinder of parties is not one of them. When a pretrial order is entered, a party is authorized by Civ.R. 53(C)(3)(b) to ask the court within ten days to set the order aside. Teresa didn't do that, possibly out of concern for any delay that might result in resolving her contempt charges.
 {¶ 11} These were post-decree proceedings in a divorce action. Civ.R. 75(B) expressly provides that Civ.R. 19 does not apply in divorce actions. Civ.R. 75(B) by its own terms permits joinder of third parties in divorce actions in certain circumstances, but none of those circumstances apply here.
 {¶ 12} The trial court erred when it overruled Teresa's objection to Cook's joinder, finding instead that it "is permissible under the Civil Rules and the inherent power of the Court." Cook's joinder is prohibited by the civil rules. The court's inherent powers are those necessary to its exercise of the judicial power conferred on the courts by Article IV, Section 1 of the Ohio Constitution. However, Article IV, Section 5(B) authorizes the Supreme Court to adopt rules of practice and procedure, and the Civil Rules were adopted pursuant to that authority. The more specific provisions of Civ.R. 75(B) therefore trump the more general inherent power of the court to join third parties in this circumstance.
 {¶ 13} The second assignment of error is sustained.
 Conclusion {¶ 14} Having sustained the second assignment of error, we will order James Cook dismissed as a party. Otherwise, the order from which the appeal was taken will be affirmed.
BROGAN, J. and YOUNG, J., concur.
[1] For clarity and convenience, the parties are identified bytheir first names.
[2] S.B. 180 reenacted provisions that had been repealed by the TortReform Act, which the Supreme Court held unconstitutional in State ex relOhio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451,1999-Ohio-123. The gap between the repeal of R.C. 3113.219 and the dateR.C. 3123.17(A) became effective is somehow related to thosematters.