OPINION
{¶ 1} Appellant, Charles D. Kramer, appeals the judgment of the Trumbull County Court of Common Pleas, affirming the decision of appellee, City Niles Housing Maintenance Board, that a structure on property owned by Kramer be demolished. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Kramer is the owner of property located at 20 Robbins Avenue, in the City of Niles, Ohio. *Page 2 
 {¶ 3} On May 8, 2006, condemnation proceedings were initiated against the structure/dwelling located on the property in accordance with Section 1402.11 of the Niles Housing Maintenance Code. A Housing Maintenance Code Enforcement Officer for the City found the dwelling to have defects under the Niles Municipal Code, rendering it "unfit for human habitation." Specifically, the Officer noted the following "orders for correction": "put foundation in state of good repair"; "put, where needed, exterior surfaces of structure in state of good repair finish siding structure"; "install new gutters/downspouts to all roof surfaces"; "install chimney to structure"; "install handrail to all exterior steps."
 {¶ 4} As provided for in Section 1402.11(e) of the Housing Maintenance Code, Kramer requested a hearing before the Niles City Maintenance Code Board of Appeals.
 {¶ 5} On August 29, 2006, a hearing was held before the Board of Appeals. Housing Code Enforcement Officer, Steve Yovich, testified regarding the condition of the structure on Kramer's property and presented pictures of the structure taken during the May inspection. Counsel for Kramer did not dispute the condition of the structure, but argued the Board did not have the authority to order its demolition under the Housing Maintenance Code, since the structure was located in a commercial district and used for commercial purposes. The Board then passed a motion ordering Kramer to have the structure demolished within 30 days of the hearing.
 {¶ 6} On November 28, 2006, Kramer filed an Administrative Appeal in the Trumbull County Court of Common Pleas. Kramer argued that the Niles Housing Maintenance Code does not apply to the structure located at 20 Robbins Avenue, is unconstitutionally vague, and violates the Due Process Clause. *Page 3 
 {¶ 7} On December 14, 2007, the court of common pleas issued its Judgment Entry, affirming the decision of the Niles City Maintenance Code Board of Appeals, ordering the demolition of the structure.
 {¶ 8} Kramer timely appeals and raises the following assignments of error:
 {¶ 9} "[1.] The Trumbull County Court of Common Pleas erred in finding that the Housing Maintenance Code for the City of Niles is applicable to the subject premises."
 {¶ 10} "[2.] The Trumbull County Court of Common Pleas erred in finding that this application of the Niles Housing Maintenance Code was a valid exercise of the city's police power."
 {¶ 11} "[3.] The Trumbull County Court of Common Pleas erred in finding that the Niles Housing Maintenance Code does not, of its face, violate the Due Process Clause of the Ohio and United States Constitutions."
 {¶ 12} Judicial review of decisions by the Niles City Maintenance Code Board of Appeals is authorized by R.C. 2506.01(A): "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code."
 {¶ 13} When an appeal is taken pursuant to R.C. 2506.01, "the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may *Page 4 
affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." R.C. 2506.04.
 {¶ 14} Appellate review of the trial court's decision is provided for in R.C. 2506.04: "[t]he judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. "While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law." Carrolls Corp. v. Bd. of ZoningAppeals, 11th Dist. No. 2005-L-110, 2006-Ohio-3411, at ¶ 10 (citations omitted).
 {¶ 15} In his first assignment of error, Kramer argues the Niles Housing Maintenance Code does not apply to the structure located at 20 Robbins Avenue. According to the Code, "dwellings, dwelling units [and] premises" are subject to condemnation. Niles Housing Maintenance Code, Section 1402.11(a). A "dwelling" is defined as "any building formerly used for living or sleeping by human occupants or one that is wholly or partly intended to be used for living or sleeping by human occupants." *Page 5 
Niles Housing Maintenance Code, Section 1401.06. Kramer asserts the City of Niles failed to demonstrate that the structure at 20 Robbins Avenue is a "dwelling."
 {¶ 16} The trial court rejected this argument, noting that the photographs contained in the record "clearly show a structure that fits within the definition [of a `dwelling'] contained in Niles Housing Code Section 1401.06." At the hearing, Officer Yovich described the structure as a "house." We further note that the record contains information maintained by the Trumbull County Auditor, which describes the "property type" as "residential" and the "land use" as "family dw[el]l[ing] on commercial strip." The photographs, Yovich's testimony, and the Auditor's records constitute reliable, probative and substantial evidence the structure on 20 Robbins Avenue is a "dwelling," as defined by the Niles Housing Maintenance Code, subject to condemnation by the same Code.
 {¶ 17} The first assignment of error is without merit.
 {¶ 18} Under the second assignment of error, Kramer asserts that Section 1402.11 of the Niles Housing Maintenance Code is unconstitutionally vague and bears no clear and substantial relation to a proper subject of the municipality's police power.
 {¶ 19} Building codes are recognized as valid exercises of the police power. Bogen v. Clemmer (1932), 125 Ohio St. 186, at syllabus. Municipalities are expressly authorized by statute to "`provide for the inspection of buildings or other structures and for the removal and repair of insecured buildings,' and `regulate by ordinance the use, control, repair, and maintenance of buildings used for human occupancy or habitation,' and `compel the owners of such buildings to alter, reconstruct, or modify them * * * for the purpose of insuring the healthful, safe, and sanitary environment of the occupants thereof,' and `prohibit the use and occupancy of such buildings until such rules, *Page 6 
regulations, and provisions have been complied with.'" State ex rel.Eaton v. Price (1958), 168 Ohio St. 123, at paragraph one of the syllabus, quoting R.C. 715.26 and 715.29.
 {¶ 20} The Due Process requirement that a government "provide meaningful standards in its laws," i.e. "give fair notice to the citizenry of the conduct proscribed and the penalty to be affixed if that law is breached," is applicable building and housing codes.Norwood v. Horney, 110 Ohio St.3d 353, 2006-Ohio-3799, at ¶ 81 and ¶ 87. "The critical question in all cases is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law; those that do not are void for vagueness." Id. at ¶ 86, citing Grayned v. Rockford (1972), 408 U.S. 104, 108-109.
 {¶ 21} Where a housing code is challenged on its face, it is necessary for the complainant to demonstrate that the challenged law is vague in all its applications. Mariemont Apt. Assn. v. Mariemont, 1st Dist. No. C-050986, 2007-Ohio-173, at ¶ 23 (citations omitted); McMaster v. AkronHousing Appeals Bd. (July 20, 1994), 9th Dist. No. 16665, 1994 Ohio App. LEXIS 3251, at *5 (citation omitted). "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." Hoffman Estates v. Flipside, Hoffman Estates,Inc. (1982), 455 U.S. 489, 494-495 (footnote omitted).
 {¶ 22} Condemnation proceedings may be initiated under the Niles Housing Maintenance Code when a structure has defects which render it a hazard to the health, *Page 7 
morals, safety, and general welfare of the occupants or other residents of the city. Niles Housing Maintenance Code, Sections 1402.11(a)(1), (4), and (7).[1] Proceedings may also be initiated where dwellings exist "in violation of any of the provisions of the Building Code, Zoning Code, the Fire Prevention Code, the Housing Code or other ordinances of the City or resolutions adopted by the City Board of Health." Niles Housing Maintenance Code, Section 1402.11(a)(8).
 {¶ 23} The structure at 20 Robbins Avenue was found to be in violation of all four sections. The Maintenance Code Enforcement Officer's Inspection report specifically identified the violations that would have to be corrected in order to avoid condemnation: repair the foundation (Section 1407.02(a)), the siding/exterior surfaces (Section 1407.02(b)), gutters and downspouts (Section 1407.02(d)), the chimney (Section 1395.21), and the handrails (Section 1407.04). With respect to the structure at 20 Robbins Avenue, there was no vagueness in the enforcement of the Housing Maintenance Code.
 {¶ 24} Kramer argues that Section 1402.11(a)(8), which authorizes condemnation for a violation of any "Ordinance of the City of Niles," could potentially result in a dwelling being condemned if vehicles are not parked on a hard surface on the premises, in violation of Niles Codified Ordinance 351.18. As explained above, Kramer is not entitled to premise his challenge to the constitutionality of Section 1402.11 on a *Page 8 
hypothetical situation. As the actual defects in the condition of Kramer's structure were clearly proscribed, the Code was properly applied in the present case.
 {¶ 25} The second assignment of error is without merit.
 {¶ 26} In his third assignment of error, Kramer argues that the City of Niles' procedures for challenging a Notice of Condemnation issued by a Housing Maintenance Code Enforcement Officer violate the Due Process Clauses of the Ohio and United States Constitutions.
 {¶ 27} "Due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re Foreclosure of Liens for Delinquent Taxes
(1980), 62 Ohio St.2d 333, at paragraph one of the syllabus. Within the context of an administrative remedy, due process "requires, at a minimum, notice, a hearing, and an opportunity to introduce evidence."Englewood v. Turner, 168 Ohio App.3d 41, 2006-Ohio-2667, at ¶ 13
(citation omitted).
 {¶ 28} The Niles Housing Maintenance Code provides that, "[a]ny person affected by a notice of violation issued under this Housing Maintenance Code may, within fifteen days after the date on which the notice was issued, file with the Housing Code Maintenance Officer a written request for a hearing." Niles Housing Maintenance Code, Section 1402.04. "At the hearing the petitioner shall be given an opportunity to be heard and to show cause why the notice of violation should be modified or withdrawn. After the hearing the Housing Maintenance Code Enforcement Officer shall sustain, modify or withdraw the notice, depending upon his finding as to whether this *Page 9 
Housing Code has been complied with." Niles Housing Maintenance Code, Section 1402.05.
 {¶ 29} Kramer asserts that this provision does not provide for a meaningful opportunity to challenge alleged Code violations, since the Code Enforcement Officer who conducts the hearing is the same Officer who issues the notices. Kramer also notes that, although Section 1402.11(e) provides for a hearing before an independent entity, i.e. the City Maintenance Code Board of Appeals, there is no provision for an appeal from a decision of the Code Enforcement Officer to the Board of Appeals.
 {¶ 30} Finally, Kramer maintains the Housing Maintenance Code violates Due Process because it provides that, where the Code Enforcement Officer finds an "emergency," "he may, without notice or hearing, issue an order reciting the existence of such an emergency and requiring that such action be taken as he deems necessary to meet the emergency." Niles Housing Maintenance Code, Section 1402.08(a).
 {¶ 31} In the present case, Kramer was notified of his right to a hearing under Section 1402.04 by the Inspection Report and the Notice of Violation served upon him. There is no evidence that Kramer requested a hearing before the Code Enforcement Officer. Rather, Kramer did request, and obtain, a hearing before the Maintenance Code Board of Appeals as provided for in Section 1402.11(e). Kramer does not argue that he was not afforded due process at this hearing. As noted above, Kramer did not dispute the condition of the structure, but, rather, asserted that the Housing Maintenance Code was not applicable.
 {¶ 32} Since Kramer did not request a hearing under Section 1402.04, he lacks standing to challenge the constitutionality of that ordinance. "In order to have standing *Page 10 
to attack the constitutionality of a legislative enactment, the private litigant must generally show that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." State ex rel. Ohio Academy of Trial Lawyers v.Sheward, 86 Ohio St.3d 451, 469-470, 1999-Ohio-123 (citations omitted). Kramer has not suffered any injury under Section 1402.04 and would be afforded no relief if that ordinance were declared unconstitutional.
 {¶ 33} Similarly, Kramer lacks standing to challenge Section 1402.08(a) since the Housing Code Enforcement Officer did not find the condition of the structure to constitute an "emergency."
 {¶ 34} The third assignment of error is without merit.
 {¶ 35} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, affirming the Maintenance Code Board of Appeals' order to demolish the dwelling at 20 Robbins Avenue, is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] Specifically, these Sections provide for the condemnation of dwellings "so damaged, dilapidated, decayed, unsanitary, unsafe or vermin-infested, or which so utterly fail[ ] to provide the amenities essential to decent living that they are unfit for human habitation or use, or are so likely to cause sickness or disease that their condition constitutes a serious hazard to the health, morals, safety or general welfare of the occupants or other residents of the City" (Section 1402.11(a)(1)); "damaged by fire, wind or other causes so as to have become dangerous to life, safety, morals or the general health and welfare of the occupants or other residents of the City" (Section 1402.11(a)(4)); and which, "because of their general condition or location, are unsafe, unsanitary or otherwise dangerous to the health, morals, safety or general welfare of the occupants or other residents of the City" (Section 1402.11(a)(7)). *Page 1