CITY OF DAYTON, APPELLEE, *v.*
SHEIBENBERGER, APPELLANT.

(No. 9729 — Decided August 12, 1986.)

*J. Anthony Sawyer,* city attorney, and *Steven R. Milby,* for appellee.
*Joseph Litvin,* for appellant.

BROGAN, P.J. Defendant-appellant, Thomas R. Sheibenberger, was the owner of real property at 230-232 Xenia Avenue in Dayton. On March 13, 1985, defendant's premises were inspected by the city's housing inspector. A minor misdemeanor citation tag was issued for having accumulated trash and/or debris in violation of the Dayton Code of General Ordinances ("Section 93.46").

On April 11, 1985, the materials (several piles of lumber) had not been removed so a legal notice and order for compliance were issued. The notice was served by certified mail and by posting of the premises. The notice informed defendant of his right to appeal to the Dayton Housing Appeals Board.

On May 8, 1985, a further inspection revealed that one pile of wood had been removed but that the second pile remained. Defendant's counsel was contacted and informed that a complaint would be filed in ten days if the second pile of lumber was not removed by the defendant.

On July 22, 1985, the premises were again inspected and the wood still remained. A complaint was filed in the Dayton Municipal Court, Criminal Division, on July 26, 1985.

A trial was conducted and the court found that defendant had failed to obey a legal order in violation of Section 93.05 of the Dayton Code of General Ordinances. The court refused to examine the validity of the housing authority's order because the defendant had failed to preserve the issue for judicial determination. The court found that the defendant could not challenge the validity by way of affirmative defense when he had neglected to timely initiate administrative appeal proceedings after the order was issued. The court found the defendant guilty and fined him fifty dollars.

Defendant filed a timely notice of appeal claiming two assignments of error.

Appellant's assignments of error are fundamentally similar and will be considered together. Appellant essentially argues that the trial court improperly refused to review the validity of the administrative order which formed the basis of his criminal conviction.

Appellant contends that a person cannot lose the right to challenge administrative findings, for purposes of criminal prosecution, based on the mere failure to exhaust administrative remedies.

Appellant seeks to distinguish the case of *Noernberg* v. *Brook Park* (1980), 63 Ohio St. 2d 26, 17 O.O. 3d 16, 406 N.E. 2d 1095, which was relied on by the court below. In *Noernberg*, the Supreme Court held that a court has no jurisdiction to review the suspension of a city employee where he has failed to file an available administrative appeal.

Appellant argues that because the *Noernberg* case was civil, and the case *sub judice* was criminal, the principle relating to exhaustion of administrative remedies is inapplicable. We cannot accept a form over substance argument to justify the appellant's avoidance of the administrative process. Here, similarly as in *Noernberg*, the initial order of the housing inspector finding noncompliance gave rise to a separate avenue of appeal; appellant's avenue to challenge the validity of the initial order was before the Dayton Housing Appeals Board and not by way of an affirmative defense to the criminal action. The principles of *Noernberg* have equal applicability in the present context to insure that the administrative process will not be subverted.

However, we believe that before a defendant can be fairly required to exhaust his administrative remedies, so as to preclude his challenging the order by way of affirmative defense, the order which can be the subject of the

appeal must be *clear* and *unequivocal.* Appellant was ordered to remove "trash and/or debris." The order did not describe the nature of the trash and debris or describe the location of it on appellant's property. The property not removed consisted of reusable lumber (four by fours and two by fours) which were stacked along a fence line. The average citizen might reasonably conclude that this was not trash or debris, believe the city's order of removal to be inapplicable to that material and, accordingly, not pursue an administrative appeal. We therefore hold that before the city may successfully prosecute for a violation of Section 93.05, the underlying order must comply with elementary due process, *i.e.,* fair notice. In short, the order must be clear and unequivocal.

This decision is not meant to frustrate the effective prosecution of the city's housing code. Many violations are of a continuing nature. Nothing precludes the city from reinitiating prosecutions by issuing properly drafted notices of violations and orders for compliance. If the alleged violator disagrees with the allegations, he need only appeal to the Dayton Housing Appeals Board. After he has exhausted his appeal rights, he or the city shall be bound by the results thereof.

Accordingly, appellant's assignments of error are well-taken, and the judgment of the court below is reversed.

*Judgment reversed.*

WILSON and WOLFF, JJ., concur.