OPINION
{¶ 1} Defendant-appellant James M. Moler appeals from his conviction for Failure to Obey the Legal Order of a Housing Inspector in violation of Section 93.05 of the Revised Code of General Ordinances of the City of Dayton (hereinafter R.C.G.O.). *Page 2 
Moler contends that the applicable statute of limitations for prosecution had expired and that the trial court therefore erred by failing to dismiss the case. He further contends that his right to due process of law was violated because the notification of violation was not clear. Moler claims that the trial court erred in ruling that the ordinance is a strict-liability offense. Finally, Moler argues that his conviction is not supported by sufficient evidence, and is against the manifest weight of the evidence.
 {¶ 2} We conclude that the prosecution of this action was not time-barred. We further conclude that the notice was adequate and that Moler was therefore afforded his due process rights. We conclude that the trial court erred by finding R.C.G.O. to be a strict-liability offense. Finally, the issues of the weight and sufficiency of the evidence are rendered moot. The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 3} Moler is the owner of a residence located at 125 Grove Avenue in Dayton, Ohio. In May, 2003, City of Dayton Housing Inspector Mark Mueller inspected the residence and issue a legal notice of violation setting forth eight separate housing code violations. The notice contained an order requiring Moler to abate the violations no later than July 29, 2003. The notice was sent by certified mail to Moler and was also posted on the residence.
 {¶ 4} The property was inspected again in January, 2004 at which time it was determined that the violations still existed. A notice of pre-prosecution conference was sent to Moler. Thereafter, in April, 2004, Moler met with City employees and entered *Page 3 
into an agreement extending the time for compliance to July 1, 2004.
 {¶ 5} Another inspection was conducted on March 14, 2006. Again, the violations had not been abated. A criminal complaint alleging violation of R.C.G.O. 93.05-Failure to Obey the Legal Order of a Housing Inspector — was filed on September 25, 2006. After a bench trial, Moler was convicted as charged, and was sentenced appropriately. From his conviction and sentence, Moler appeals.
 II {¶ 6} Moler's First Assignment of Error states as follows:
 {¶ 7} THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY OVERRULING HIS RULE 29 MOTION AND PROCEEDING TO FIND HIM GUILTY WHEN PROSECUTION WAS NOT COMMENCED WITHIN THE STATUTORILY PROSCRIBED TIME LIMIT OF TWO YEARS."
 {¶ 8} Moler contends that the criminal prosecution was barred by the applicable statute of limitations, and that the trial court erred by failing to dismiss the case.
 {¶ 9} We begin by noting that the City claims that this argument cannot be considered because Moler failed to pursue an administrative appeal of the notice of violation, pursuant to R.C.G.O. 93.06 and 93.07. We disagree.
 {¶ 10} The cited ordinances provide for a hearing before the Housing Appeals Board on the issues of "mitigation of any item appearing on any order of the housing inspector," and whether "any item appearing on such notice and order should be modified or withdrawn."
 {¶ 11} Neither of the cited ordinances provide an avenue for attacking the validity *Page 4 
of a criminal prosecution. Nor do they purport to give the Housing Appeals Board the jurisdiction to make any determination as to whether a subsequent criminal prosecution is barred by the statute of limitations. Thus, we conclude that Moler is not barred by the doctrine of res judicata from raising this issue on appeal.
 {¶ l2} The ordinances applicable to this issue are R.C.G.O. 130.06 and 93.99. R.C.G.O. 130.06 provides:
 {¶ 13} "(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
 {¶ 14} "(1) For a misdemeanor, other than a minor misdemeanor, two years.
 {¶ 15} "* * *
 {¶ 16} "(D) An offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates whichever occurs first."
 {¶ 17} R.C.G.O. 93.99 states as follows:
 {¶ 18} "(A) A violation of the requirements of * * * §§ 93.05 * * * shall constitute a misdemeanor of the third degree, punishable as provided in § 130.99 and each day such violation is continued shall constitute a separate offense."
 {¶ 19} The initiating date for the statute of limitations in this case is not, as Moler contends, the date initially set for compliance. Rather it is the date, and all subsequent dates, on which Moler failed to comply with the notice of violation by abating the violation. Each day that he failed to remediate the violations constituted a separate *Page 5 
offense. R.C.G.O. 93.99.
 {¶ 20} In this case, the Housing Inspector performed an inspection on March 14, 2006 to determine whether Moler had complied with the notice and order. Upon a determination that he had not, a criminal complaint was issued with a violation date of March 14, 2006. The prosecution was initiated within six months of that violation date. Therefore, we conclude that the statute of limitations had not run, and that the trial court did not err by not dismissing the complaint. The First Assignment of Error is overruled.
 III {¶ 21} The Second Assignment of Error is as follows:
 {¶ 22} "THE COURT ERRED TO THE PREJUDICE OF DEFENDANT'S DUE PROCESS RIGHTS BY FINDING HIM GUILTY OF FAILING TO OBEY A LEGAL ORDER THAT WAS NOT CLEAR AND UNEQUIVOCAL IN ITS TERMS AND THUS FAILED TO PROVIDE FAIR NOTICE."
 {¶ 23} In this assignment of error, Moler contends that the notice of violation was vague and unclear, and that he was thus denied proper notice in violation of his due process rights.
 {¶ 24} As previously noted, Moler failed to file an administrative appeal of the notice — a fact that is material to this issue. Any defect in the notice could have been addressed by the Housing Appeals Board, or by a subsequent appeal to the Common Pleas Court. Since Moler failed to file such an appeal, we agree with the City's argument that he has waived this issue. Dayton v. Sheinbenberger (1986), 33 Ohio App. 3d 263. *Page 6 
 {¶ 25} Even were the issue not waived, we would find no merit in this argument. We have inspected the notice of violation and the order for compliance and find that it is sufficiently clear to both apprise Moler of the nature of the violations and the method for abating the violations. For example, the notice indicates that Moler was in violation of R.C.G.O. 93.33(J), and that the violation consisted of "paint peeling from trim." The notice further states that the violation existed all over the exterior of the main structure. Finally, the notice lists the "action required" as "protect exterior wood and ferrous metal surfaces from the elements by the use of paint or other protective covering. Surfaces shall be maintained so as to be kept clean and free of flaking, loose or peeling paint."
 {¶ 26} We find Moler's claim that the notice is not a clear statement of violation and order for compliance to be without merit. Similarly, we find all the other portions of the violation notice are clear with regard to the violation, the location of the violation, as well as the process for abating the violation. Further, the notice sets forth a date for compliance as well as the penalties for failing to comply. Finally, the notice sets forth the method of appealing the notice and order.
 {¶ 27} We conclude that Moler has failed to demonstrate that his due process right of adequate notice has been violated. Accordingly, the Second Assignment of Error is overruled.
 IV {¶ 28} Moler's Fourth Assignment of Error states as follows:
 {¶ 29} "THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY GRANTING THE PLAINTIFF'S MOTION IN LIMINE AND IMPOSING THE *Page 7 
TESTIMONIAL LIMITATIONS ON THE BASIS THAT THE CITY OF DAYTON ORDINANCE 93.05 IS A STRICT LIABILITY OFFENSE."
 {¶ 30} In this Assignment of Error, Moler contends that the trial court erred by ruling that R.C.G.O. 93.05 is a strict-liability offense and consequently limiting his ability to elicit testimony regarding his defense.
 {¶ 31} We note that the trial court's decision finding R.C.G.O. 93.05 a strict-liability offense is based upon this court's prior opinion inCity of Dayton v. Platt (Mar. 29, 1989), Montgomery App. No. 11028. InPlatt we held that "[b]ecause Section (B) of 93.05 does not require knowing or negligent failure to comply, a violation of that section is a strict liability offense." Id. at *5.
 {¶ 32} However, our holding in Platt has been superseded by the Supreme Court decision in State v. Collins, 89 Ohio St. 3d 524,2000-Ohio-231. In Collins, the Court noted that the General Assembly has set forth, in R.C. 2901.21(B), the test for determining whether an offense is a strict liability crime. That statute provides:
 {¶ 33} "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 34} The Supreme Court, based upon its interpretation of R.C. 2901.21(B), held that "[i]t is not enough that the General Assembly in fact intended imposition of liability without proof of mental culpability. Rather the General Assembly must plainly indicate *Page 8 that intention in the language of the statute." Collins, at 530, (emphasis added).
 {¶ 35} Thus, any finding that R.C.G.O. 93.05 is a strict liability offense must be based upon a finding that the language of that ordinance plainly indicates such. The ordinance provides, in pertinent part, as follows:
 {¶ 36} "Sec. 93.05. Notice of violations.
 {¶ 37} "(A) Whenever the housing inspector determines that there has been a violation of any provision of this chapter, * * * he shall give notice of such violation to the person responsible therefor and order compliance with this chapter as hereinafter provided. * * *
 {¶ 38} "(B) Any person failing to comply with the order served pursuant to this section shall be deemed guilty of a misdemeanor.
 {¶ 39} "Sec. 93.05.2. Duty to timely remediate and enforcement costs.
 {¶ 40} "(A) A person served with a notice of violation pursuant to § 93.05 shall:
 {¶ 41} "(1) Remediate the violations listed therein within the time specified in the notice, or any extension of time granted in writing by the Housing Inspector, or the Housing Appeals Board; and
 {¶ 42} "(2) Schedule and pass a final inspection with the Housing Inspector verifying compliance with the notice of violation.
 {¶ 43} "The final inspection required by (A)(2) of this section is in addition to any other inspections required by law for work performed in remediating the violations listed in the notice of violation.
 {¶ 44} "* * *
 {¶ 45} "(C) Each notice of violation issued pursuant to § 93.05 shall include the *Page 9 
following wording:
 {¶ 46} "It is the responsibility of the person served with this notice of violation to timely remediate the violation(s) listed in this notice and to schedule a final inspection by the City's Housing Inspector to verify compliance with this notice. This final inspection is in addition to any other inspections required by law for work performed in remediating the violations listed in this notice. Failure to timely remediate the violation(s) listed in this notice, and/or to schedule and pass a final inspection may subject you to administrative and other costs incurred by the city in remediating, or causing the remediation of, the violations listed in the notice of violation served upon the person."
 {¶ 47} While the above provisions do not specify any degree of culpability, they likewise do not contain language plainly indicating an intent to make the offense one of strict liability. Thus, we conclude that the ordinance is not a strict-liability offense, and that the trial court erred by so holding. We further conclude that unless and until the City of Dayton amends this ordinance, the appropriate culpable mental state for a violation of R.C.G.O. is recklessness. See, R.C. 2901.21(B),State v. Collins, 89 Ohio St. 3d 524, 2000-Ohio-231.
 {¶ 48} Although the trial court's legal error in deeming the offense with which Moler was charged manifested itself in certain liminal evidentiary rulings, these rulings clearly demonstrate that the trial court misapprehended the law when it applied the law, as the finder of fact, to the facts in evidence. Thus, these erroneous rulings, although liminal, suffice to overcome the presumption of regularity, in which it is normally presumed that a trial court, as a finder of fact, applied the correct law to the facts. In this respect, this case is analogous to a case involving a jury trial, where the trial court *Page 10 
has given the jury an erroneous instruction of law.
 {¶ 49} We cannot determine, as a matter of law, that Moler acted recklessly, the required mental culpability state when no particular culpability state is specified. That determination — whether Moler acted recklessly — is reserved for the finder of fact to make. Because the record clearly demonstrates an error of law — the trial court's conclusion that the offense with which Moler was charged is a strict-liability offense-and we cannot determine from this record that the trial court's error of law was harmless, we must reverse Moler's conviction, and remand this cause for further proceedings.
 {¶ 50} Moler's Fourth Assignment of Error is sustained.
 V {¶ 51} Moler's Third Assignment of Error states:
 {¶ 52} "THE CONVICTION OF THE APPELLANT WAS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE OR, ALTERNATIVELY, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 53} Moler contends that the City failed to present evidence sufficient to support the conviction and that the conviction is not supported by the weight of the evidence. In view of our disposition of the Fourth Assignment of Error in Part IV, above, we need not consider this assignment of error.
 {¶ 54} Moler's Third Assignment of Error is overruled as moot.
 VI {¶ 55} Moler's Fourth Assignment of Error having been sustained, the judgment *Page 11 
of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 WOLFF, P.J., and GRADY, J., concur. *Page 1