[Cite as *Bellefontaine v. Shafer*, 2019-Ohio-4524.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY


THE CITY OF BELLEFONTAINE,

    PLAINTIFF-APPELLEE,

    v.

RAYMOND A. SHAFER, II,

    DEFENDANT-APPELLANT.

CASE NO. 8-19-15


O P I N I O N


Appeal from Bellefontaine Municipal Court
Trial Court No. 18CRB01028

Judgment Reversed

Date of Decision:  November 4, 2019


APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Daniel D. Carey* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Raymond A. Shafer II ("Shafer") brings this appeal from the judgment of the Bellefontaine Municipal Court finding him guilty of a local ordinance. On appeal, Shafer alleges that the conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. For the reasons set forth below, the judgment is reversed.

{¶2} On July 25, 2018, a complaint was filed indicating that on July 25, 2018, Shafer allowed "garbage, trash, rubbish, or other refuse to accumulate out-of-doors for more than one week at a time, thus in violation of Section 951.13(i) of the Codified Ordinances of Bellefontaine, Ohio. Doc. 1, an unclassified misdemeanor. The violation involved a stack of cement blocks that the city classified as "construction debris and other materials". Doc. 16.

{¶3} A trial was held on the complaint on January 30, 2019. Doc. 30. The City argued that since the blocks were used, they were construction debris. Shafer argued that he was planning on using the blocks to build a low retaining wall along the edge of his property. The trial court found Shafer guilty of the violation and imposed court costs and a fine ranging from $500 to $5,000 depending upon how long it took Shafer to remove the blocks. Doc. 30-32. Shafer filed a timely notice of appeal from this judgment and raises the following assignments of error on appeal.

## First Assignment of Error

**[Shafer's] state and federal rights to due process were violated by a conviction that was not supported by sufficient evidence.**

## Second Assignment of Error

**The conviction was against the weight of the evidence.**

*Sufficiency of the Evidence*

**{¶4}** In the first assignment of error, Shafer claims that the conviction was against the sufficiency of the evidence. "Under the sufficiency of the evidence standard, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Sullivan*, 3d Dist. Hancock No. 5-17-09, 2017-Ohio-8937, ¶ 28, 102 N.E.3d 86 quoting *State v. Potts*, 2016-Ohio-5555, 69 N.E.3d 1227, ¶ 12 (3d Dist.).

**{¶5}** Shafer was charged with a violation of Section 951.13(i) of the Codified Ordinances of Bellefontaine, Ohio. This code section is in the chapter regarding garbage and refuse collection and disposal. This specific section provides as follows in pertinent part.

**951.13  RESPONSIBILITY OF OWNERS AND TENANTS**

**\* \* \***

**(i)  No person shall allow garbage, trash, rubbish or other refuse to accumulate out-of-doors for more than one week at a time. Such matter shall be placed out-of-doors only in regulation lidded containers or plastic bags designed for such purpose. No person**

> **shall permit any fermented, [putrefying] or odorous garbage and/or rubbish to exist upon any property owned, leased, rented or controlled by him.**

Garbage is defined as "all wastes of offal of fish, fowl, fruit or vegetable or animal matter resulting from the preparation of food for human consumption in residential homes, commercial restaurants and other food service operations." Bellefontaine, OH Code of Ordinances 951.01(a)(1). Rubbish is defined as "baskets, wood, rags, old clothing, leather, crockery, ashes, and other similar items, but does not include discarded household goods or construction/demolition debris such as refuse from repairs, alteration or new construction of curbs, sidewalks, buildings, or yard wastes such as branches, brush, leaves and grass clippings." Bellefontaine, OH Code of Ordinances 951.01(a)(2). Trash and refuse are not specifically defined by an ordinance, thus we will use their common meanings. The relevant dictionary definition of trash is "[w]orthless or discarded material or objects, refuse." The American Heritage Dictionary 1289 (2d College Ed. 1985). Refuse is similarly defined as "anything discarded or rejected as useless or worthless, trash." *Id*. at 1040. *See also Springfield v. Pullins*, 130 Ohio App.3d 346, 720 N.E.2d 138 (2nd Dist. 1998) defining refuse similarly. To prove that Shafer was guilty of the offense charged in the complaint, the City was required to prove beyond a reasonable doubt that the items in question were garbage, trash, rubbish, or refuse, and that they had been left outside for more than a week.

{¶6} At issue in this case was a stack of used cement blocks which Westin Dodds ("Dodds"), the city code enforcement officer, deemed to be "other refuse. Tr. 12-13, 20. No one is disputing that the stack of blocks was left in the yard for more than seven days. The only issue for the trial court was to determine whether the blocks are within the definitions of garbage, trash, rubbish, or refuse so that a conviction under the ordinance was supported beyond a reasonable doubt. Dodds testified that he filed the complaint after receiving an anonymous complaint and seeing the salvaged blocks in the yard. Tr. 11. When asked by the court why he filed the complaint, Dodds testified as follows.

> **Mr. Dodds: It's the amount of the material there. It's the fact that it's obviously been prior used. There's been no building permit pulled for the location to say that the block was going to be used for anything else.**
>
> **The Court: Oh, okay.**
>
> **Mr. Dodds: So, you know, I'm left with my professional opinion that those are used blocks and they're sitting there with no purpose.**
>
> **\* \* \***
>
> **The Court: And then – stand by. And then did – you know what that – I'm looking at the blocks and it looks like a – like a grill of some sort there, right? How about – is that a concern for you?**
>
> **Mr. Dodds: Those are shingles.**
>
> **\* \* \***

> **The Court:  Now, then – okay.  So then what's the difference between that pile of shingles and this pile of brick?  In your mind, in your code enforcement mind.**
>
> **Mr. Dodds:  Well, the shingles had not been used before.  They're new shingles stacked up.**
>
> **The Court:  Okay.**
>
> **Mr. Dodds:  So, we're not – I wouldn't consider them salvaged or cast-off material.**

Tr. 21-22.  Dodds also testified that if there were new items with plans for use, it would be an exception to the code violation.  Tr. 24.  Dodds did not note that any of the blocks were broken, just that they had obviously been used.  Tr. 28.  Dodds testified that in his opinion, "refuse" was an item that had been salvaged or previously used.  Tr. 30.  Dodds also testified that some of the block were usable, though he did not believe they all were.  Tr. 30.  Dodds testified that if the blocks were new, they would look better as they would be aligned and all the same color. Tr. 33.  At the close of the case-in-chief, the City moved to admit the pictures and other exhibits, such as the one below.



Doc. 20.

{¶7} Shafer then testified on his own behalf. Shafer testified that the blocks were all in good shape, although he admitted that there was some mortar still on them from the prior usage. Tr. 45. Shafer also testified that he intended to use the blocks to build a wall along the sidewalk around his building. Tr. 53.

{¶8} A review of the testimony does not show that the blocks would qualify as either garbage or rubbish as defined by the ordinances as they were not food waste or baskets, wood, rags, old clothing, leather, crockery, ashes, and other similar items. The closest the blocks would come would be "demolition debris" which is specifically excluded from the definition of rubbish. Bellefontaine OH Code of Ordinances 951.01(a)(2). Additionally, to qualify as either trash or refuse, as

generally defined since there is no definition in the ordinances, the blocks would have to be useless or worthless. *See* prior definition and *City of Dayton v. Sheibenberger*, 33 Ohio App.3d 263, 515 N.E.2d 948 (2nd Dist. 1986) abrogated by Supreme Court of Ohio Decision on other grounds but stating that the "average citizen might reasonably conclude that stacked reusable lumber was not trash or debris".

{¶9} The City argues that the blocks were worthless because they were used. However, not everything that has previously been used is worthless or useless. *Id.* Shafer was able to point to a reasonable use for the material, building a wall, which the City agreed would be a legitimate use for the material as long as it was structurally sound. Tr. 60-61. Since the blocks were not worthless or useless, they do not meet the general definition of refuse or trash. Although the trial court indicated that the blocks "looks like rubbish" and yard looked "trashy", that is not what this particular ordinance prohibits. Tr. 47-48. The language of the ordinance requires the City to show that items that meet the definitions of garbage, trash, rubbish or other refuse were allowed to accumulate out-of-doors for more than one week. The yard looking bad may be the basis for a nuisance claim, but it is not the basis for a claim for failing to dispose of garbage, trash, rubbish or other refuse. Viewing the evidence in a light most favorable to the City, a reasonable person could not say that the City has proven beyond a reasonable doubt that the stacked blocks are worthless or useless and thus meet the general definition of trash or refuse. They

merely look bad. This is not sufficient for a conviction under the Bellefontaine City Ordinance 951.13(i). Thus, the first assignment of error is sustained.

*Manifest Weight of the Evidence*

{¶10} In the second assignment of error, Shafer alleges that the conviction is against the manifest weight of the evidence. Having determined that the conviction is not supported by sufficient evidence, the issue of whether the conviction is against the manifest weight of the evidence is moot. Thus it need not be addressed by this Court. App.R. 12(A)(1)(c).

{¶11} Having found error prejudicial to the appellant in the particulars assigned and argued in the first assignment of error, the judgment of the Bellefontaine Municipal Court is reversed.

***Judgment Reversed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**